444 So.2d 431 (1983)
CRAIG R. WEINER ASSOCIATES, INC., Appellant,
v.
Arthur F. SHERDEN, et al., Appellees.
No. 82-2416.
District Court of Appeal of Florida, Fourth District.
November 2, 1983.
Rehearing Denied February 15, 1984.
*432 H.L. Cooper, Jr., of O'Connell, Cooper, Parrish & McBane, P.A., West Palm Beach, for appellant.
Paul B. Erickson, of Alley, Maass, Rogers, Lindsay & Chauncey, Palm Beach, for appellees.
ANSTEAD, Chief Judge.
This is an appeal from a final summary judgment finding that appellant's breach of contract action was barred by the Florida Statute of Frauds. We affirm.
In an attempt to buy a shopping center, Craig Weiner Associates, Inc., sent a letter to Sherden. Sherden was one of six partners who owned the center. Sherden signed the letter with the consent of the other five partners. When contractual negotiations failed, Weiner attempted to enforce the letter as a binding contract. The trial court ruled that the letter did not satisfy the requirement of the Statute of Frauds that all of the essential terms of the agreement be in writing.
At the outset, we note that this letter seems to show the parties' clear intent to be bound. The question of intent to be bound is, however, distinct from the question of sufficiency under the Statute of Frauds. In fact, the Statute presumes that a contract was intended and executed. (Some cases ignore this distinction. Cf. Socarras v. Claughton Hotels, Inc., 374 So.2d 1057, 1060 (Fla. 3d DCA 1979).) In light of our holding on the Statute of Frauds issue, however, we do not decide whether the letter is sufficient to show the parties' intent to be bound, nor do we decide whether the signature by the sellers' agent is sufficient to bind all six sellers. Cf. Looman Realty Corp. v. Broad Street National Bank, 32 N.J. 461, 161 A.2d 247 (1960).
The Statute of Frauds requires that a contract for the sale of land be proved by a written memorandum that contains all the essential terms of the sale and that is signed by the parties to be charged. § 725.01, Fla. Stat. (1981); Socarras. We believe that the trial court correctly concluded that the letter in the present case was not sufficiently detailed to satisfy the former requirement.
Weiner's letter contains a description of the property, its price, and financing *433 arrangements.[1] The letter, however, omits many important details. For example, the financing terms mention a second mortgage and a penalty for late mortgage payments, but do not provide details of either. The letter also provides that the buyer may inspect the leases and the structure before final acceptance. The extent of these inspections and their effect on the buyer's duties is unclear. Finally, the letter makes no mention of the present tenants' leases, the sellers' warranties, the documents required at closing, or the allocation of closing costs.
The omitted terms must be assessed in the context of the particular transaction involved. Cf. Socarras, at 1060. We agree with the trial court's determination that the terms omitted from the letter are essential to this complex, multi-million dollar transaction. While some of these terms might be supplied by custom in everyday contractual transactions, the uniqueness of this transaction and the corresponding absence *434 of a standard practice for most of the omitted terms prevents us from doing so here. The courts are simply not authorized to draft a contract for the parties when the parties themselves have failed to reach agreement on essential details.
Accordingly, we affirm the lower court's holding that the letter is insufficient to satisfy the requirements of the Statute of Frauds.
BERANEK and HURLEY, JJ., concur.
NOTES
[1] The letter states:
Sept. 2, 1981
Floyd Cerf, Esq.
Vice President
The Keyes Company
102 N. 28 Ave.
Hollywood, Florida 33020
Re: K-Mart Shopping Center Phases 1 and 2 including
 land and buildings
 U.S. 1 in Stuart, Florida

Dear Floyd:
This letter shall serve to confirm that we will be willing to proceed towards the purchase of the above captioned property upon generally the following terms and conditions:
Price to be $5,600,000.00 U.S.
Assumption of the present first mortgage $1,250,000.00 at 8 3/4% for 24 years self-amortizing. Assumable in it's present form, callable 2/2/89[*] Purchase Money Mortgage of $3,850,000.00 upon the following terms: Interest rate to be 9% with 6% payable and 3% simple to accrue to the balloon. Interest to be payable monthly in arrears, penalty if late. Term to be seven years from closing at which time the entire principle balance plus the accrued interest of 3% each year shall be due and payable. At the option of the borrower (Buyer), this mortgage may be extended for three additional years with the interest rate being escalated to 12% with 9% payable and 3% accruing. In that event, the balance of principle would be due at the end of the tenth year plus the 10 years of interest that has accrued.
Cash to be $1,300,000.00 payable as follows: part of which seller may elect to take in 1982
 $700,000.00 at closing
 $300,000.00 on Jan. 30, 1983
 $300,000.00 on Jan. 30, 1984
This split funding shall be considered as cash and would therefore not be applicable to any interest charges.
A deposit of $10,000.00 would be placed with Miller and Schwartz, P.A. as escrow agent during the initial inspection period of leases, bills of any nature, and structural. The inspection period shall be 30 days from Seller's acceptance of this letter. Following Buyer's satisfaction with the inspections, an additional $15,000.00 shall be added to the deposit and the total of $25,000.00 shall be transfered to the Seller's attorney pending closing to be held in escrow. Closing to be within 60 days following inspections. Should Buyer be dissatisfied with the results of his investigation he may notify Seller of such and either provide time to cure, or cancel his obligation to purchase and receive full refund of his deposit. This shall apply only during the initial 30 day inspection period.
[*] Seller will subordinate second mortgage to the amount called.
Purchase Money Mortgage to be paid in full upon sale of property by Buyer.
This offer is open for Seller's acceptance until
 19,
Thursday, Sept.-4, 1981 at 5 P.M.
Please advise as to how your client wishes to proceed. If this meets with his acceptance, then we will advise our attorneys to work jointly with the Seller's attorney towards the preparation and execution of a formal contract for purchase and sale. Buyer may assign this acceptance to a partnership in which Buyer participates.
Sincerely yours,
S/ Craig R. Weiner
Craig R. Weiner
President
CRW: nk
The above offer is acceptable to us and for $10.00 and good and other valuable consideration we hereby agree to the above terms and conditions of sale.
SELLER(S)
S/ Arthur F. Sherden Agent Dated this 10th
for Partners day of September,
1981.
WITNESS
S/ Thomas H. Thurlow
(The indicated modifications were done by the parties during negotiations.)