POLEN, J.
Appellant, State Farm Mutual Automobile Insurance Company (“State Farm”), appeals a final order denying its motion for attorney’s fees and costs. This case began with a car accident in which Appel-lee, Patricia Sharkey, was struck from behind. Sharkey sued the owner of the vehicle that had struck her and eventually settled for a sum in excess of $200,000. Alleging that her injuries exceeded this amount, Sharkey sued State Farm to recover under her Uninsured Motorist/Un-derinsured Motorist policy. Based on Sharkey’s prior settlement and its belief that its exposure to liability was minimal, State Farm filed a proposal for a nominal settlement, offering Sharkey $500. Shar-key did not accept this offer. Sharkey’s suit did not result in the recovery of additional damages from State Farm. State Farm filed a motion for entitlement to attorney’s fees and costs, pursuant to section 768.79, Florida Statutes (2005). The trial court denied State Farm’s motion. We find that the trial court abused its discretion in denying State Farm’s motion and reverse.
The trial court found that State Farm’s proposed settlement was nominal, and that it did not have a reasonable basis to file a nominal settlement proposal. Offers are not suspect merely because they are nominal. See Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996). Offers, nominal or otherwise, must bear a reasonable relationship to the amount of damages or a realistic assessment of liability. Id. at 948. “The rule is that a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal.” Connell v. Floyd, 866 So.2d 90, 94 (Fla. 1st DCA 2004). “The offer need not equate with the total amount of damages that might be at issue.” Gurney v. State Farm Mut. Auto. Ins. Co., 889 So.2d 97, 99 (Fla. 5th DCA 2004). “The trial *1265 judge will have to consider all the surrounding circumstances when the offer was made.” Fox v. McCaw Cellular Commc’ns of Fla., 745 So.2d 330 (Fla. 4th DCA 1998).
We find that State Farm had a reasonable basis for making a nominal settlement offer. At the time State Farm made the offer of $500, it was aware of Sharkey’s past medical expenses, but was also aware that Sharkey had received a settlement in excess of $200,000. This information gave State Farm reason to believe its liability for past medical damages was nominal. Further, based on other evidence available to State Farm at the time of the offer, we find that State Farm had a reasonable basis for believing that its exposure to liability for other claimed damages was minimal. Therefore, we find that the trial court abused its discretion in denying State Farm’s motion and reverse.
KLEIN and SHAHOOD, JJ., concur.