MAY, J.
 

 Brokers appeal an adverse summary judgnent on their claim for breach of a marketing agreement for the sale of a business and land. They argue the trial court erred in entering summary judgment because genuine issues of material fact existed. We disagree and affirm.
 

 The brokers filed a complaint against the seller for breach of a brokerage-commission contract. They alleged that the parties entered into a marketing agreement, which provided the following.
 

 Seller agrees that if the listing agreement is cancelled or withdrawn during the listing term or Broker procures a ready, willing and able Buyer, the full commission shall be due and payable to Broker. If the Seller does not comply with the listing terms or for any reason fails to provide disclosure of business records or reasonable access to the business thereby directly or indirectly preventing the sale of the property, the commission is due and payable to the Broker.
 

 
 *695
 
 The brokers alleged that the seller agreed to pay them 9% of the purchase price.
 

 During the term of the agreement, the seller entered into a contract for the purchase of the business and land with a prospective buyer for $3,600,000. The contract required an $80,000 deposit, $2,520,000 in bank financing, and $1,000,000 to be financed by the seller under “terms to be negotiated during the due diligence period.” The contract also provided for the negotiation of continued employment for the seller’s principal. Within three business days of entering the contract, the purchaser could request financial documents as pai’t of its due diligence. The seller was then required to produce the documents within five business days of the request.
 

 The brokers claimed that the seller breached the brokerage-commission agreement by failing to provide information required during the due-diligence period and by failing to pay the commission. They argued that they fully performed under the terms of the brokerage-commission agreement by providing a “ready, willing and able buyer,” and that the sales contract acknowledged that they had performed their duties pursuant to the brokerage-commission agreement. The seller responded that the sales contract was unenforceable because the essential terms were not agreed upon; i.e., (1) the seller-based financing; and (2) the terms of employment of the seller’s principal.
 

 The seller moved for summary judgment. In response, the brokers filed affidavits of the broker’s agent and the prospective purchaser. The agent attested that the brokers procured a ready, willing, and able buyer, but the seller failed to provide requested information during the due-diligence period. The agent further attested that the essential terms were agreed upon.
 

 The purchaser attested that he was, and remains, ready, willing, and able to close on the contract, but the seller failed to provide the requested financial documents. He further attested that the essential terms of the seller-backed financing were agreed upon. Those terms set the interest rate at 7%, with interest payments only, and a three-year balloon. “[T]he seller would retain 25% of the stock until the mortgage was paid.”
 

 After the hearing on the motion for summary judgment, the court directed the parties to submit additional information. At a second hearing on the motion, the trial court found there was no meeting of the minds with regard to the essential terms of the contract and therefore no enforceable contract. The court granted summary judgment.
 

 The standard of review for orders granting summary judgment is
 
 de novo. Cohen v. Arvin,
 
 878 So.2d 403, 405 (Fla. 4th DCA 2004). We will affirm a summary judgment “only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.”
 
 Id.
 

 Before an action for breach of contract can be sustained, there must be an enforceable contract. “[A] meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract.... ”
 
 Acosta v. Dist. Bd. of Trs. of Miami-Dade Cmty. Coll.,
 
 905 So.2d 226, 228 (Fla. 3d DCA 2005) (quoting
 
 Greater N.Y. Corp. v. Cenvill Miami Beach Corp.,
 
 620 So.2d 1068, 1070 (Fla. 3d DCA 1993)). When essential terms are left open for negotiation, there is no meeting of the minds.
 
 Freedman v. Fraser Eng’g & Testing, Inc.,
 
 927 So.2d 949, 952 (Fla. 4th DCA 2006). Financing terms in real estate transactions are essential terms of a contract.
 
 David v. Richman,
 
 568 So.2d 922, 924 (Fla.1990). Here,
 
 *696
 
 as the trial court found, the buyer and seller had agreed on some terms for the sale of the business and land, but had not agreed on all of the essential terms, which included not only the terms of the seller financing, but the continued employment of the seller’s principal.
 

 To be sure, the seller’s alleged noncompliance during the due-diligence period and the purchaser’s continued willingness to purchase were issues of fact, but they were not genuine issues of material fact. If there was no enforceable agreement, then those factual disputes were not material to the cause of action. See,
 
 e.g., Zaydon v. Wilder,
 
 305 So.2d 81, 83 (Fla. 3d DCA 1974) (indicating the controlling legal principle which entitles a broker to a commission is the existence of a binding contract for sale containing terms acceptable to the seller).
 
 [1]
 
 We therefore affirm the summary judgment.
 

 Affirmed.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 . The prospective buyer could not supply the missing essential terms by verbal agreement because the contract included tire sale of land.
 
 See Craig R. Weiner Assocs., Inc. v. Sherden,
 
 444 So.2d 431, 432 (Fla. 4th DCA 1983) ("The Statute of Frauds requires that a contract for the sale of land be proved by a written memorandum that contains all the essential terms of the sale....”). In addition, the contract itself required any modification to be in writing.