GERBER, J.
Land & Sea Petroleum, Inc. (the “seller”) appeals the denial of its motion to recover its attorney’s fees and costs from brokers Business Specialists, Inc. (“Specialists”) and Continental Business, Inc. (“Continental”). We find that the seller is entitled to recover its attorney’s fees and costs from the brokers on various grounds. Thus, we reverse.
The seller and Specialists entered into a written contract providing that Specialists would broker the sale of the seller’s business and land in exchange for a commission. In the contract, the seller acknowledged that Specialists could co-broker the listing. Specialists then entered into a separate co-brokerage agreement with Continental.
The brokers later produced a buyer who entered into a contract with the seller. The seller, however, did not close on the contract, claiming that essential terms were not agreed upon. The brokers then filed a complaint against the seller for breach of the brokerage commission contract. The brokers argued that they fully performed the brokerage commission contract by producing a ready, willing and able buyer. The brokers sought the unpaid commission plus attorney’s fees and costs pursuant to the following provision in the brokerage commission contract:
If a suit is filed to enforce Broker’s rights hereunder and the Broker is the prevailing party, the Seller will pay the Broker its full commission, legal fees & costs incurred in any litigation and one (1) percent monthly interest pre and post judgment.
The seller responded that the brokerage commission contract was unenforceable because its contract with the buyer was unenforceable. Then, after serving discovery on the buyer, the seller served proposals for settlement on the brokers pursuant to section 768.79, Florida Statutes (2004), and Florida Rule of Civil Procedure 1.442 *352 (2004). The seller’s proposal to Specialists stated, in pertinent part:
1. The party making this [Proposal for Settlement] is Defendant, LAND & SEA PETROLEUM, INC. The party to whom this [Proposal for Settlement] is made is Plaintiff, BUSINESS SPECIALISTS, INC.
2. This Proposal for Settlement is made for the purpose of resolving all claims as well as any and all claims that could have been or should have been brought by Plaintiff, BUSINESS SPECIALISTS, INC., against Defendant, LAND & SEA PETROLEUM, INC.
3. This Proposal for Settlement is inclusive of all damages and attorneys’ fees, whether recoverable or not in this action, as well as any pre-judgment or post-judgment interest or costs.
4. The total amount of this Proposal for Settlement is FIVE HUNDRED DOLLARS ($500.00), inclusive of any punitive, compensatory or other damages and attorney’s fees, whether recoverable or not in this action, as well as any pre-judgment interest or costs.
The proposal to Continental was identical except that the seller substituted Continental’s name for Specialists’. Neither Specialists nor Continental accepted the respective proposals.
The seller later moved for summary judgment against the brokers. The circuit court granted the motion. We affirmed. Bus. Specialists, Inc. v. Land & Sea Petroleum, Inc., 25 So.3d 693 (Fla. 4th DCA 2010).
While the brokers’ appeal of the summary judgment was pending, the seller filed a motion to recover its attorney’s fees and costs pursuant to: (1) section 768.79 and rule 1.442, both allowing for recovery of attorney’s fees and costs pursuant to proposals for settlement; (2) section 57.105(7), Florida Statutes (2004), allowing for reciprocal recovery of attorney’s fees pursuant to a contractual prevailing party provision; and (3) section 57.041(1), Florida Statutes (2004), allowing a prevailing party to recover its costs.
A magistrate heard argument on the motion. Regarding the seller’s reliance on the proposals for settlement, the brokers argued that the proposals were invalid for two reasons: (1) the proposals were ambiguous because they did not specify which side would pay the $500 and did not specify the claims which the proposals would settle; and (2) the seller made the proposals in bad faith because it requested discovery only from the buyer before making nominal offers of only $500.
Regarding the seller’s reliance on section 57.105(7), Specialists acknowledged that the statute allowed for the reciprocal recovery of attorney’s fees pursuant to a contractual prevailing party provision. However, Continental argued that it was not bound by the prevailing party provision because it was not an intended third-party beneficiary of the contract. Regarding the seller’s reliance on section 57.041(1), neither of the brokers opposed that claim.
The magistrate issued a report recommending that the circuit court deny the seller’s motion for attorney’s fees and costs in its entirety. The only finding which the magistrate included in the report was that Continental was not obligated as a third-party beneficiary to pay the seller’s attorney’s fees and costs. The circuit court thereafter denied the seller’s motion in its entirety.
This appeal followed. The seller argues: (1) its proposals for settlement were unambiguous because there is no question that it was offering $500 to each of the brokers and there was no claim to resolve other than the brokers’ breach of contract claim; *353 (2) its proposals were in good faith as shown by the fact that it obtained a summary judgment; (3) it should recover its attorney’s fees pursuant to section 57.105(7) against Specialists because Specialists did not oppose that claim and against Continental because Continental was an intended third-party beneficiary of the brokerage commission contract; and (4) it should recover its costs against the brokers pursuant to section 57.041(1) because the brokers did not oppose that claim.
We agree -with each of the seller’s arguments except for the argument that it should recover its attorney’s fees from Continental as an intended third-party beneficiary. We address each argument in turn.

Ambiguity

The standard of review in determining whether a proposal for settlement is ambiguous is de novo. Nationwide Mut. Fire Ins. Co. v. Pollinger, 42 So.3d 890, 891 (Fla. 4th DCA 2010).
We agree with the seller that the proposals were not ambiguous. Our supreme court has held that “given the nature of language, it may be impossible to eliminate all ambiguity” in a proposal for settlement. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006). “The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.” Id. “Therefore, parties should not ‘nit-pick’ the validity of a proposal for settlement based on allegations of ambiguity unless the asserted ambiguity could ‘reasonably affect the offeree’s decision’ on whether to accept the proposal for settlement.” Carey-All Transp., Inc. v. Newby, 989 So.2d 1201, 1206 (Fla. 2d DCA 2008) (quoting Nichols, 932 So.2d at 1079).
Applying those principles here, we find that the absence of language stating which side would pay the $500 did not make the proposals for settlement ambiguous. The seller complied with rule 1.442(c)(2)(A) and section 768.79(2)(b) by naming itself as “the party ... making the proposal” and naming the brokers as “the parties to whom the proposal is being made.” Fla. R. Civ. P. 1.442(c)(2)(A) (2004); see also § 768.79(2)(b), Fla. Stat. (2004) (an offer of judgment must “[n]ame the party making it and the party to whom it is being made”). The context of the case — that the brokers were suing for a commission and that the seller raised no counterclaim — makes it apparent that the seller was offering to pay each of the brokers $500 in exchange for resolving the brokers’ respective claims. The brokers’ reliance on the fact that the seller did not expressly state that it would be the party paying the $500 seems to be the type of “nit-picking” which the second district cautioned against in Carey-All.
Regarding the specificity of the claims which the proposals would settle, our supreme court has held that “settlement proposals must clarify which of an offeree’s outstanding claims against the of-feror will be extinguished.” Nichols, 932 So.2d at 1080. Here, the proposals for settlement clarified that they were “made for the purpose of resolving all claims as well as any and all claims that could have been or should have been brought by [the brokers] against [the seller].” That language complied with rule 1.442(c)(2)(B) by “identifying] the claim or claims the proposal is attempting to resolve.” More importantly, because the only relationship which existed between the brokers and the seller arose from the brokerage commission contract, there were no other possible claims which could have existed between *354 the parties either within or outside of this action. See Ambeca, Inc. v. Marina Cove Vill. Townhome Ass’n, Inc. 880 So.2d 811, 813 (Fla. 1st DCA 2004) (“[Although the language may require releases for claims not raised or set forth in the pleadings, it does so only to the extent those claims would arise from the facts giving rise to the underlying litigation.”).
The brokers, however, argue that paragraph 2 of the proposals did not clarify whether the proposals applied to claims “in this action” as opposed to claims which may have accrued in the future. We are unmoved by that argument. The brokers plainly were aware that the only relationship which existed between the brokers and the seller arose from the brokerage commission contract. Thus, we cannot foresee how the absence of the phrase “in this action” in paragraph 2 of the proposals reasonably would have affected the brokers’ decision on whether to accept the proposals, especially when the phrase “in this action” appeared in both paragraphs 3 and 4 of the proposals. The fact that no other possible claims could have existed between the parties either within or outside of this action distinguishes this case from other cases which have found proposals for settlement to be deficient where the proposals may have extinguished other pending unrelated claims. See, e.g., Nichols, 932 So.2d at 1079 (“At the time of the offer, [the plaintiff] not only had a pending PIP claim against [the defendant], but also a UM claim arising from the same accident and of greater value.”); Palm Beach Polo Holdings, Inc. v. Vill. of Wellington, 904 So.2d 652, 653 (Fla. 4th DCA 2005) (“[T]he offer was legally deficient because plaintiffs acceptance could have extinguished other pending unrelated claims.”).

Good Faith

The standard of review upon a finding that a proposal for settlement was not made in good faith is abuse of discretion. Sharaby v. KLV Gems Co., 45 So.3d 560, 563 (Fla. 4th DCA 2010); accord § 768.79(7)(a), Fla. Stat. (2004) (“[T]he court may, in its discretion, determine that [a proposal] was not made in good faith.”) (emphasis added); Fla. R. Civ. P. 1.442(h)(1) (2004) (same). “‘The offeree bears the burden of proving the offeror’s proposal was not made in good faith.’ ” Sharaby, 45 So.3d at 563 (citation omitted).
We agree with the seller that the brokers did not meet their burden in the circuit court. The primary argument which the brokers presented in an attempt to meet their burden was that, after the seller served discovery only on the buyer, the seller’s “$500 offer on a commission claim that was basically $300,000” could not have been in good faith. However, “[o]ffers are not suspect merely because they are nominal.” State Farm Mut. Auto. Ins. Co. v. Sharkey, 928 So.2d 1263, 1264 (Fla. 4th DCA 2006). As we stated in Sharkey:
Offers, nominal or otherwise, must bear a reasonable relationship to the amount of damages or a realistic assessment of liability. The rule is that a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal. The offer need not equate with the total amount of damages that might be at issue.
Id. (internal citations and quotations omitted).
We find that the seller’s proposals bore a reasonable relationship to the amount of damages and a realistic assessment of liability. The seller never wavered from its argument that the brokerage commission contract was unenforceable because its contract with the buyer was unenforceable. The seller needed very little, if any, discov *355 ery to support that argument because the lack of essential terms in the contract with the buyer was apparent from the face of that contract. See Bus. Specialists, 25 So.3d at 695-96 (“Here, as the trial court found, the buyer and seller had agreed on some terms for the sale of the business and land, but had not agreed on all of the essential terms, which included not only the terms of the seller financing, but the continued employment of the seller’s principal.”). Because of the absence of any evidence that the seller did not make its proposals in good faith, the circuit court erred in denying the seller’s motion to recover its attorney’s fees and costs from the brokers pursuant to the proposals for settlement.

Section 57.105(7)

The issue of entitlement to attorney’s fees based on the interpretation of a statute or contract is a pure matter of law involving de novo review. Save on Cleaners of Pembroke II, Inc. v. Verde Pines City Ctr. Plaza LLC, 14 So.3d 295, 297 n. 4 (Fla. 4th DCA 2009).
We agree with the seller that it was entitled to recover its attorney’s fees against Specialists pursuant to section 57.105(7). That statute provides, in pertinent part:
If a contract contains a provision allowing attorney’s fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
Because Specialists acknowledged that the statute allowed the seller to recover its attorney’s fees pursuant to the prevailing party provision in the brokerage commission contract, the circuit court should have awarded those fees in the judgment.
We disagree with the seller that it was entitled to recover its attorney’s fees against Continental as an intended third-party beneficiary pursuant to section 57.105(7). A party is a third-party beneficiary of a contract only if both parties to the contract express an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong. Esposito v. True Color Enters. Constr., Inc., 45 So.3d 554, 554 (Fla. 4th DCA 2010). Here, the contract between the seller and Specialists did not express an intent to primarily and directly benefit Continental. The contract merely mentioned that Specialists could co-broker the listing. Therefore, Continental is not an intended third-party beneficiary of that contract. In turn, Continental is not required to pay the seller’s attorney’s fees under the prevailing party provision of the contract. See Gwen Fearing Real Estate, Inc. v. Wilson, 430 So.2d 589, 591 (Fla. 4th DCA 1983) (“Although the principals to the agreement made provision for payment of the broker’s commission, such a provision does not make the broker a formal party to the contract. Therefore the broker cannot ... be held liable for attorney fees arising out of the contract.”).
The seller argues that Continental should be judicially estopped from denying its status as a third-party beneficiary of the contract because Continental, in the complaint, alleged that it was a third-party beneficiary of the contract. However, judicial estoppel does not apply here because Continental did not successfully maintain that position in the circuit court. See Bueno v. Workman, 20 So.3d 993, 997 (Fla. 4th DCA 2009) (judicial estoppel prevents litigants who have successfully maintained a position in one proceeding from taking an inconsistent position in a later proceeding in which the same parties and questions are involved).

*356
Section 57.04.1(1)

We find that the circuit court erred by denying the seller’s motion for taxable costs against the brokers pursuant to section 57.041(1). That statute provides, in pertinent part: “The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment....” Under section 57.041(1), a judge has no discretion to deny recovery of costs to the prevailing party. Oriental Imps., Inc. v. Alilin, 559 So.2d 442, 443 (Fla. 5th DCA 1990). Because the seller was the party recovering judgment, the seller was entitled to recover all of its costs, which the circuit court should have included in the judgment.
In reaching our conclusions above, we reject without further comment the brokers’ arguments that the seller failed to provide an adequate record for review and that the seller’s failure to file exceptions to the magistrate’s report precluded appellate review. We remand for the circuit court to set an evidentiary hearing to determine the reasonable amount of attorney’s fees and costs, incurred both in the circuit court and in this appeal, which the seller is entitled to recover from the brokers.

Reversed and remanded.

[1]

HAZOURI, J., concurs.
DAMOORGIAN, J., concurs specially with opinion.

. This case adds to the growing list of cases addressing the alleged ambiguity of a proposal for settlement. We believe this issue continues to arise because neither section 768.79 nor rule 1.442 requires the offeree to notify the offeror when the offeree considers a proposal to be ambiguous. Requiring parties to resolve ambiguities in proposals for settlement upon service of the proposals would better serve the purpose for which the statute and rule were intended, that is, "to encourage litigants to resolve cases early to avoid incurring substantial amounts of court costs and attorney’s fees.” Eagleman v. Eagleman, 673 So.2d 946, 947 (Fla. 4th DCA 1996). If the legislature and our supreme court were to amend the statute and the rule to include such a requirement, then perhaps the ambiguity issue would arise less often. See Nichols, 932 So.2d at 1078 (" 'A proposal for settlement is intended to end judicial labor, not create more.’ ”) (citation omitted). We encourage the Florida Bar’s civil rules committee to consider proposing such an amendment.