CECILIA M. ALTONAGA, UNITED STATES DISTRICT JUDGE
THIS CAUSE came before the Court on a review of Defendants' Motion to Compel Arbitration and Stay Proceedings [ECF No. 18 ], filed June 8, 2018. The relief Defendants seek is evident from the title of their Motion. In their Response [ECF No. 34 ], Plaintiffs insist they are entitled to bring this case seeking damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, because: (1) the "Arbitration Agreements" Defendants submitted to the Court contain signatures that are not Plaintiffs'; (2) Plaintiffs never agreed to any arbitration agreements whether verbally or in writing; and (3) the signatures on the Arbitration Agreements are forgeries, consistent with Defendants' practice of forging at least one Plaintiff's signatures in a number of documents and of fabricating weekly payroll reports. (See generally Resp.). Plaintiffs submit their Affidavits [ECF Nos. 34-1 and 34-2] to their denials and serious accusations leveled at Defendants, as well as supporting exhibits. Defendants have not filed a reply memorandum addressing Plaintiffs' arguments in opposition.
"The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.' "
*1265 Bazemore v. Jefferson Capital Sys., LLC , 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting First Options of Chicago, Inc. v. Kaplan , 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ). "Absent such an agreement, 'a court cannot compel the parties to settle their dispute in an arbitral forum.' " Id. (quoting Klay v. All Defendants , 389 F.3d 1191, 1200) (11th Cir. 2004) ). "[S]tate law governs the issue of the existence of an agreement to arbitrate under the FAA ...." Id. at 1330 (alterations added); see also Caley v. Gulfstream Aerospace Corp. , 428 F.3d 1359, 1368 (11th Cir. 2005) ("[I]n determining whether a binding arbitration agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts." (alteration added) ).
"[A] summary judgment-like standard is appropriate and ... district court[s] may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." Bazemore , 827 F.3d at 1333 (alterations added) (quoting Fed. R. Civ. P. 56(a) ). "[E]ntry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Id. at 1334 (alteration added) (quoting Celotex Corp. v. Catrett , 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ). "If the Court finds there is an issue of disputed material fact as to whether the parties entered the agreement, the Court shall proceed to trial on the issue." Valencia v. 1300 Ocean Drive, LLC , No. 17-20669-CIV-MORENO, 2017 WL 7733158, at *2 (S.D. Fla. Dec. 4, 2017) (citations omitted) ).
As Plaintiffs' FLSA action involves an employment relationship in Florida and the contracts are alleged to have been signed and executed in Florida (see Arbitration Agreement [ECF No. 22-1 ]; see also Resp. 9), Florida law governs whether valid arbitration agreements exist between the parties. See Caley , 428 F.3d at 1368. In Florida, a "meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract." De Beers Centenary AG v. Hasson , 751 F.Supp.2d 1297, 1302 (S.D. Fla. 2010) (quoting Business Specialists, Inc. v. Land & Sea Petroleum, Inc. , 25 So.3d 693, 695 (Fla. 4th DCA 2010) ). A valid contract requires "offer, acceptance, consideration and sufficient specification of essential terms." St. Joe Corp. v. McIver , 875 So.2d 375, 381 (Fla. 2004) (citation omitted). "The party asserting a contract must prove its existence by a preponderance of the evidence." McDougal v. Comcast Corp. , No. 16-81906-CIV, 2017 WL 3726040, at *3 (S.D. Fla. Feb. 24, 2017) (quoting St. Joe Corp. , 875 So.2d at 381 ) ).
Plaintiffs have presented competent evidence, through their sworn statements and documentary proof, establishing a genuine issue of material fact as to the validity of the Arbitration Agreements. See, e.g., Bazemore , 827 F.3d at 1334 (denying defendant's motion to compel arbitration even where plaintiff "provided almost no evidentiary support for her contention that she never entered into an arbitration agreement with [defendant] .... [by], for example, submit[ing] an affidavit swearing under oath ...." (alterations added; emphasis added) ). See also Mitchell v. Precision Motor Cars Inc. , No. 8:17-cv-376-T-24AAS, 2017 WL 1361528, at *3 (M.D. Fla. Apr. 14, 2017) (finding a genuine issue of material fact existed as to whether the parties entered into a valid arbitration agreement where plaintiff's "affidavit testimony provide[d] more than conclusory allegations to support her position that the parties never *1266 agreed to arbitrate" and plaintiff "unequivocally denie[d]" signing the arbitration agreement) (alterations added).
When an agreement to arbitrate is put "in issue," the Federal Arbitration Act requires the court to "proceed summarily to the trial thereof." 9 U.S.C. § 4. If no jury trial has been demanded, then the court hears and determines the issue. See id. Plaintiffs demand a jury trial in their Complaint [ECF No. 1 ].
Being fully advised, it is
ORDERED AND ADJUDGED that the Motion to Compel Arbitration and Stay Proceedings [ECF No. 18 ] is DENIED without prejudice. The Court cannot compel arbitration when the making of the Arbitration Agreements has been put "in issue." This case will proceed to a jury trial as required by 9 U.S.C. section 4 to determine whether the parties entered Arbitration Agreements. By separate notice the Court will set the matter for a scheduling conference to address the scope and date of the arbitration trial.
DONE AND ORDERED in Miami, Florida, this 10th day of July, 2018.