917 So.2d 882 (2005)
EVENT SERVICES AMERICA, INC., etc., Appellant,
v.
Anthony RAGUSA and Karen Ragusa, et al., Appellees.
No. 3D04-2368.
District Court of Appeal of Florida, Third District.
August 10, 2005.
Rehearing and Rehearing Denied January 12, 2006.
*883 Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., and Hal B. Anderson and W. Tucker Craig, Fort Lauderdale, for appellant.
Joel S. Perwin, for appellees.
Before GERSTEN, WELLS, and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied January 12, 2006.
GERSTEN, J.
Event Services America, Inc. ("Event Services"), appeals the trial court's order striking its proposals for settlement. We affirm.
The pertinent facts are as follows: After a football game, an escalator at Pro Player stadium carrying the Appellees, Anthony Ragusa and seven other individuals, accelerated to two or three times its normal pace, piling people up at the exit point and causing injuries. The Appellees sued the owner of Pro Player Stadium and Schindler Elevator Corporation, the company in charge of maintaining the escalator in question, alleging negligence. In addition, they sued Event Services, a corporation that provides services and staffing for events at Pro Player Stadium.
*884 Early in litigation, Event Services made nominal offers of settlement to each of the Appellees in the amount of $500, none of which were accepted. Subsequently, Event Services won a jury verdict in a bifurcated trial on liability (the only defendant so exonerated). Event Services filed a motion for attorney's fees pursuant to section 768.79, Florida Statute (2002). The trial court struck the proposals and disallowed an award of fees in accordance with Florida Rule Civil Procedure 1.442(h)(1).
Event Services appeals, contending that the trial court erred in striking its nominal proposals for settlement and disallowing an award of attorney's fees. The Appellees assert that Event Services' nominal proposals for settlement were made in bad faith and were, therefore, properly stricken by the trial court. We agree.
Section 768.79 provides that a defendant is entitled to reasonable costs and attorney's fees if the plaintiff does not accept an offer of judgment made by the defendant within thirty days, and if the judgment later obtained by the plaintiff is for no liability or at least twenty-five percent less than the original offer. § 768.79(1), Fla. Stat. (2002). Additionally, section 768.79 provides that a court may, in its discretion, determine that an offer was not made in good faith and disallow an award that a defendant would otherwise be entitled to by the statute.
Similarly, Rule 1.442 also provides that "[i]f a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorneys' fees." Fla. R. Civ. P. 1.442(h)(1) (2002).
Therefore, the issue in this case is whether the trial court abused its discretion in determining the nominal offer was not made in good faith. Fox v. McCaw Cellular Communications of Florida, Inc., 745 So.2d 330, 333 (Fla. 4th DCA 1998).
The good faith requirement "insists that the offeror have some reasonable foundation on which to base an offer." Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th DCA 1993). A reasonable basis for a nominal offer exists only where "the undisputed record strongly indicate[s] that [the defendant] had no exposure" in the case. Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So.2d 292, 300 (Fla. 3d DCA 1997). Therefore, a nominal offer should be stricken unless the offeror had a reasonable basis to conclude that its exposure was nominal. Dep't of Highway Safety and Motor Vehicles, Florida Highway Patrol v. Weinstein, 747 So.2d 1019 (Fla. 3d DCA 2000).
Here, the trial court did not abuse its discretion by striking the proposals because the Appellees' claim had merit and it appeared Event Services had at least some exposure at the time the offers were made. There were eyewitness accounts stating the crowd had not been properly regulated and some testimony that there were more than two people per step at the time of the accident, exceeding the manufacturer's stated limit. Also, it is undisputed that Event Services did not shut off the escalator in a timely manner after the accident occurred.
Although many of these facts were disputed, there was still a sufficient basis at the time of the offers to indicate that Event Services would reasonably face liability. The fact that the claim against Event Services survived a motion for summary judgment bears this point out. Indeed, the trial court noted that its "gut response is it's not fair for [the Appellees] to have to pay [Event Services'] attorney's *885 fees because the issue really needed to be litigated."
Here, the record supports the trial court's decision. There is no statutory requirement that the court state specific findings to justify its exercise of discretion. The issues  good faith or not; whether to award or not  are expressly addressed to the trial court's exercise of discretion. Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586, 588 (Fla. 5th DCA 1999)(W. Sharp, J., dissenting).
Accordingly, we will not supplant the lower court's finding without a clear showing that the trial court abused its discretion. Therefore, because the trial court did not abuse its discretion, we affirm.
Affirmed.