TAYLOR, J.
Benjamin Sharaby, the prevailing defendant in litigation between two jewelry companies over payment for gems and precious stones, appeals from the trial court’s orders denying him attorney’s fees pursuant to his proposal for settlement under section 768.79, Florida Statutes (2005), and under section 57.105(1), Florida Statutes (2005). We affirm the denial of attorney’s fees sought under section 57.105(1) but reverse the denial of attorney’s fees sought pursuant to the proposal for settlement.
On June 16, 2005, KLV Gems, Inc. (KLV) filed a six-count complaint against Sunshine Jewelry Manufacturing Company, Inc. (Sunshine), Benjamin Sharaby, Yi-gal and Tzvi Sharaby (Benjamin Sharaby’s sons), and JNC Manufacturing, Inc. (JNC), alleging, inter alia, breach of contract, account stated, conversion, unjust enrichment, civil theft, and fraudulent inducement. The lawsuit stemmed from allegations that the defendants ordered, received, and improperly retained a large amount of diamonds and other precious stones without paying KLV for the merchandise.
On July 18, 2005, twenty-three days after the lawsuit was filed, Benjamin Shara-by (defendant), who asserted that he was no longer involved with Sunshine and had no personal liability for any of the alleged transactions, filed a motion requesting that he be dropped as a party within twenty-one days. He also sought attorney’s fees and costs pursuant to section 57.105(1), Florida Statutes (2005). Plaintiff refused to drop defendant from the lawsuit.
*562 On September 15, 2005, defendant served plaintiff with a timely proposal for settlement, in which he offered to pay plaintiff $500.00 within twenty days on the condition that plaintiff withdraw its claim against him and dismiss him with prejudice. Plaintiff, however, rejected defendant’s offer and refused to drop him from the lawsuit. Thereafter, defendant filed a Motion to Dismiss the original complaint, which the trial court granted.
On October 5, 2005, plaintiff filed an amended complaint, wherein it removed the section 772.11 civil theft claim against defendant but alleged conversion, unjust enrichment, fraudulent inducement, a section 607.1406 claim, civil conspiracy, and successor liability. The trial court dismissed portions of the amended complaint, including the successor liability count, and ordered plaintiff to allege separate claims and allegations against the defendants if it decided to file another amended complaint.
On June 16, 2006, plaintiff filed a second amended complaint, which was ultimately dismissed. In its third amended complaint, filed on September 7, 2006, plaintiff dropped all of its allegations against defendant, except a claim for unjust enrichment.
Defendant filed a motion for summary judgment on the remaining cause of action for unjust enrichment, accompanied by a supporting affidavit. In the affidavit, defendant stated, in pertinent part, the following:
I [Benjamin Sharaby] retired from Sunshine Jewelry Manufacturing Co., Inc. on or about 1999 and had no company involvement from March 2001 through December 2001 which is when KLV is alleging that SUNSHINE ordered KLVs gems. If I was still listed as an officer during that time, then it was by name only. I never ordered or participated in ordering the gems from KLV either directly or indirectly. I had no knowledge and no involvement with the transaction that KLV is alleging took place. I never received, directly or indirectly, the diamonds, semi-precious stones, or any other type or benefit whatsoever that KLV is complaining about.
Plaintiff agreed to a final summary judgment in defendant’s favor, stipulating to the above facts. Thereafter, defendant filed a Motion for Attorney Fees and Costs and Multiplier. He asserted that he was entitled to attorneys fees pursuant to section 768.79, Florida Statutes (proposal for settlement), section 57.105(1), Florida Statutes (frivolous lawsuit), and section 772.11(1), Florida Statutes (civil theft). Defendant also requested costs and release of plaintiffs $100.00 Non-Resident Cost Bond for payment towards some of defendant’s $183.91 costs. Plaintiff acknowledged that defendant was entitled to his costs.
At the hearing on defendant’s motion for attorney’s fees, defendant’s attorney argued that plaintiff lacked any basis for believing that defendant had individual or personal liability for the jewelry sold to the corporate defendants. He explained that defendant retired from Sunshine in 1999, six years before plaintiff filed a complaint against him, and that he retained no interest in the company. He pointed out that all of the purchase orders and invoices attached to the complaint were between plaintiff and the two defendant companies (Sunshine and JNC), and that there was not “a single document in here that identified or whisperfed] hints or points to Benjamin Sharaby.” Defendant’s counsel also reminded the court that defendant brought these matters to plaintiffs attention soon after the lawsuit was filed and asked to be dropped from the lawsuit. Plaintiff, however, never engaged in any discovery to determine defendant’s individual liability *563 and continued to pursue its action for over five million dollars against defendant until a summary final judgment was ultimately entered against plaintiff.
Plaintiffs counsel represented to the trial court that its decision to sue defendant was based mainly on Sunshine’s Articles of Dissolution, which were filed with the Florida Division of Corporations on January 7, 2005. He noted that the Articles contained a false statement that “no debt of corporation remains unpaid,” and a statement that “[t]he net assets of the corporation remaining after winding up have been distributed to the shareholders, if shares were issued.” He said he included defendant in the lawsuit because he was a shareholder, who received a benefit and continued business activities through a sham corporation. He further advised the court that plaintiffs corporate representative told him that plaintiff dealt with defendant both before and after the dissolution and that the orders for jewelry were made by him.
The trial court granted defendant a portion of his attorney’s fees, but limited entitlement to those fees incurred directly and exclusively associated with his prevailing on the section 772.11 civil theft claim. The court denied attorney’s fees under section 57.105(1) and section 768.79, explaining:
At the time defendant filed his motion for attorney’s fees under F.S. 57.105 neither plaintiff nor its counsel knew or should have known that the claims against defendant would not be supported by the material facts. Plaintiff had a good faith basis to assert the claims against defendant in light of the articles of dissolution of Sunshine Jewelry and the fact that he was listed as director at the time of the dissolution. Therefore the Court finds that defendant is not entitled to attorney’s fees under F.S. 57.105. For similar reasons, the Court finds that defendant is not entitled to fees based upon his proposal for settlement. The proposal for settlement was nominal, and the good faith requirement “insists that the offeror have some reasonable foundation on which to base an offer.” Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4[th] DCA 1993). A reasonable basis for a nominal offer exists only where “the undisputed record strongly indicate(s) that (the defendant) had no exposure” in the case. Event Services America, Inc. v. Ragusa, 917 So.2d 882 (Fla. 3[d] DCA 2005) (quoting Peoples Gas System Inc. v. Acme Gas Corporation, 689 So.2d 292, 300 (Fla. 3[d] DCA 1997)[) ]. The record in this case does not strongly indicate defendant had no exposure to liability.
The trial court later denied defendant’s motion for rehearing on entitlement to attorney’s fees and defendant filed this appeal.
The “standard of review on a finding that an offer [of judgment] is not made in good faith is whether the trial court abused its discretion.” Levine v. Harris, 791 So.2d 1175, 1177-78 (Fla. 4th DCA 2001). “The offeree bears the burden of proving the offeror’s proposal was not made in good faith.” Liggett Group, Inc. v. Davis, 975 So.2d 1281, 1285 (Fla. 4th DCA 2008). Here, the record does not demonstrate that plaintiff met this burden. When defendant submitted his proposal for settlement, he had a reasonable foundation upon which to make the offer— nominal exposure. There existed no basis for finding defendant personally or individually liable to plaintiff. Thus, the trial court incorrectly determined that the proposal for settlement was not made in good faith and abused its discretion by denying defendant’s motion for an attorney’s fee award on this basis. However, we affirm *564 the trial court’s ruling on defendant’s alternative basis for fees under section 57.105. Based on the record before us, we conclude that the trial court did not abuse its discretion in disallowing the award of section 57.105 attorney’s fees.
Finally, as to costs, the parties agree that the record indicates that the trial court intended to award defendant his $183.91 costs as the prevailing party but inadvertently failed to do so.
For the above stated reasons, we affirm the order denying defendant entitlement to section 57.105 attorney’s fees against plaintiff and his counsel, but we reverse the order denying defendant entitlement to attorney’s fees pursuant to his proposal for settlement and remand for the trial court to award defendant attorney’s fees under section 768.79 and $183.91 in costs as the prevailing party. The trial court may order the clerk to issue defendant the $100.00 non-resident cost bond posted by plaintiff to off-set his $183.91 in costs.

Affirmed in Part, Reversed and Remanded in Part.

MAY, J., concurs.
WARNER, J., concurs specially with opinion.