WARNER, J.,
concurring specially.
I agree with the majority. The trial court relied on Event Services America, Inc. v. Ragusa, 917 So.2d 882 (Fla. 3d DCA 2005), for the proposition that “[a] reasonable basis for a nominal offer exists only where ‘the undisputed record strongly indicated] that [the defendant] had no exposure’ in the case.” Id. at 884 (quoting Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So.2d 292, 300 (Fla. 3d DCA 1997)) (emphasis added). Event Services seems to suggest that the record must conclusively establish no liability on the part of the offeror to support a finding that a nominal offer was made in good faith. I disagree with that implication, and our case law does not support that interpretation, which the trial court in this case appeared to give it.
Peoples Gas, cited in Event Services, relies on our case of Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), approved by the supreme court in Knealing v. Puleo, 675 So.2d 593 (Fla.1996). In Schmidt we said, “The obligation of good faith [in the offer of judgment statute] merely insists that the offeror have some reasonable foundation on which to base an offer.” 629 So.2d at 1039. In Peoples Gas, the court concluded that “where the undisputed record [in that case] strongly indicated that they had no exposure in [the] case, Metrogas and Siegal Gas had such a reasonable basis to make nominal offers to Peoples Gas.” 689 So.2d at 300. I do not think that Peoples Gas intended to set a rule that requires an undisputed record, showing no liability, in order to prove that a minimal offer was made in good faith.
Schmidt explains this court’s view of the good faith requirement:
We do not understand the good faith requirement of section 768.79(7)(a), however, to demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment. The obligation of good faith merely insists that the offeror-have some reasonable foundation on which to base an offer.
629 So.2d at 1039 (emphasis added). We applied Schmidt in Ryan v. Lobo De Gonzalez, 841 So.2d 510 (Fla. 4th DCA 2003), to reverse a trial court’s determination that a nominal offer was not made in good faith, because there was evidence to support the defendant’s “reasonable founda *565 tion upon which to believe” that they faced no liability. Id. at 523. See also Levine v. Harris, 791 So.2d 1175 (Fla. 4th DCA 2001) (applying Schmidt and holding that defendants had a reasonable foundation upon which to make a $500 offer despite trial judge labeling it a “drop in the bucket”).
In this case, there was ample evidence to show that the defendant Sharaby had a reasonable foundation on which to base the nominal offer. He had not been associated with either corporation for several years. He never ordered or participated in ordering gems from the plaintiff. While there was evidence that he was still listed as an officer of one of the companies in the records of the Florida Division of Corporations, that corporation was dissolved. There was ample evidence to support his reasonable belief that he had no liability for the actions listed in the plaintiffs complaint. The court applied too onerous a standard of requiring the record to be “undisputed” that he had no liability in order to support a finding of good faith in the nominal offer.