PER CURIAM.
General Mechanical Corporation (GMC) appeals the trial court’s order denying its motion for attorney’s fees and costs. For the reasons set forth below, we reverse and remand.
In 2009, Mark Williams filed suit against GMC and Peter Tydir, the owner of GMC. The complaint included several counts including breach of contract, unpaid wages, fraud, and conversion. The counts all stemmed from the alleged breach of a five-year oral agreement entered in by Williams, Tydir, and GMC in 2005. Early on in the suit, GMC made a nominal offer of settlement to Williams in the amount of $1.00. Subsequently, a jury returned a verdict in favor of GMC on all counts. The jury returned a verdict against Tydir on the breach of contract count, but in his favor on all other counts. GMC filed a motion for attorney’s fees and costs pursuant to section 768.79, Florida Statutes (2009). The trial court denied the motion.
Section 768.79 provides in pertinent part:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him ... from the date of filing of the offer if the judgment is one of no liability!.]
[[Image here]]
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.
*976 Similarly, Florida Rule of Civil Procedure 1.442(h)(1) provides:
If a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such case, the court may disallow an award of costs and attorneys’ fees.
In the instant case, the trial court denied GMC’s motion based on its finding that GMC’s nominal offer was not made in good faith. As evidenced by the language of section 768.79 and rule 1.442, this Court reviews such a determination for abuse of discretion. See Event Servs. Am., Inc. v. Ragusa, 917 So.2d 882, 884 (Fla. 3d DCA 2005). To determine whether an offer was made in good faith, a court must consider whether the offeror had some reasonable basis to support the offer. In cases where only a nominal offer was made, a reasonable basis exists only where the undisputed record strongly indicates that the defendant had no exposure. A nominal offer should otherwise be stricken. See id.
Here, the trial court abused its discretion in determining that GMC’s offer of judgment was not made in good faith. The undisputed record strongly indicates that GMC had no exposure to liability. In the complaint, Williams alleged the breach of a five-year oral agreement. GMC correctly maintained throughout the case that such an agreement was barred by the statute of frauds. See 725.01, Fla. Stat. (2005) (“No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof!.]”). Although Williams argues otherwise, his arguments are unpersuasive. This Court agreed in the appeal of the final judgment in this case:
In the present case, Williams’ testimony confirmed the agreement to fund the new company was oral, but there was no evidence to show the parties ever contemplated the funding could be completed within the space of one year. To the contrary, Williams’ testimony was clear that he would forgo payment of his share of profits for five years, at the conclusion of which he and Tydir would have the money necessary to launch the anticipated partnership. Nor can the evidence be viewed to substantiate Williams’ alternative argument that Ty-dir’s complaint did not allege the breach of a single five-year contract, but of five separate oral agreements, each to be performed within a year.
In light of the foregoing analysis, we conclude that no view of the evidence legally supports the conclusion that the oral agreement entered into between Tydir and Williams was exempted from the statute of frauds. Accordingly, we reverse the final judgment entered in favor of Williams on his breach of contract claim and direct that judgment be entered in favor of Tydir.
Tydir v. Williams Gen. Mech. Corp., 89 So.3d 1129, 1132 (Fla. 1st DCA 2012).
Notably, the trial court also denied GMC’s motion based on its findings that GMC did not differentiate the fees sought. Specifically, the trial court found that GMC did not differentiate between the fees incurred in defending itself from those incurred in defending Tydir or between the fees incurred in defending against each individual count. In light of our decision in Tydir, however, the issue of whether differentiation of fees was possible or necessary is now moot. GMC and Tydir have both prevailed on all counts. The trial court also found that GMC did not differentiate between the fees incurred in defending this case and those incurred in a related case that was consolidated for discovery purposes only. There is, however, *977 no evidence in the record to support a finding that the fees sought in this case included any fees incurred in the related case.
Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
WOLF, DAVIS, and ROBERTS, JJ., concur.