*2
ON MOTION FOR REHEARING

PER CURIAM.
We deny the appellee’s motion for rehearing, but withdraw our opinion dated April 9, 2014, and issue the following in its place.
Citizens Property Insurance Corporation appeals the trial court’s order denying its right to attorney’s fees. We determine that the trial court erred in applying the wrong standard for determining whether attorney’s fees were warranted. We reverse the trial court’s order and remand with instructions that the trial court enter an order granting Citizens’ entitlement to attorney’s fees and determining the amount to be awarded.
Citizens issued a homeowner’s insurance policy to Magdiel Perez. On October 24, 2005, Hurricane Wilma allegedly caused damage to Perez’s home. Although Perez admitted to seeing some water leaking into his house during the hurricane, it was not until almost four years later, on June 12, 2009, that Perez informed Citizens of the alleged damage to his home.
After, receiving notice of the alleged damage to Perez’s home, Citizens contacted Perez, and as allowed by the policy, requested he send them a “sworn proof of loss,” containing certain information regarding the home and the alleged damage. Although Perez later submitted some of the requested information to Citizens, he did not do so in a timely manner.[1]
Perez filed suit after Citizens denied his claim. Citizens filed a motion for sum‘mary judgment seeking a ruling by the trial court that Perez’s claim was barred since, as of the time of the filing of the motion, he had not provided Citizens with the requested information. The trial court denied Citizens’ first motion for summary judgment. After the first motion for summary judgment was denied, Citizens served Perez with a proposal for settlement in the amount of $1000. Perez rejected the proposal for settlement. Citizens then filed a second motion for summary judgment. The second motion for summary judgment was granted, and final summary judgment was entered in favor of Citizens on the grounds that the notice of the claim was not promptly provided.
After its second motion for summary judgment was granted, Citizens filed a motion to determine its entitlement to attorney’s fees pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes (2013).[2] The trial court determined that the settlement proposal offered by Citizens was not made in good faith, and thus denied Citizens’ entitlement to recover attorney’s fees. Citizens appeals this denial.
“The standard of review upon a finding that a proposal for settlement was not made in good faith is abuse of discretion.” Land & Sea Petroleum, Inc. v. Bus. Specialists, Inc., 53 So.3d 348, 354 (Fla. 4th DCA 2011) (citing Sharaby v. KLV Gems Co., 45 So.3d 560, 563 (Fla. 4th DCA 2010)); see also § 768.79(7)(a), Fla. Stat. (2013) (“[T]he court may, in its discretion, determine that an offer was not made in good faith.”) (emphasis added).
Section 768.79, Florida Statutes which states:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, *3 the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer.
[[Image here]]
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney’s fees.
§ 768.79, Fla. Stat. (2013). Additionally, Florida Rule of Civil Procedure 1.442(h)(1) states: “If a party is entitled to costs and fees pursuant to applicable Florida law¡ the court may, in its discretion, determine that a proposal was not made in good faith. In such ease, the court may disallow an award of costs and attorneys’ fees.” Fla. R. Civ. P. 1.442(h)(1). Because Citizens made a settlement offer to Perez, Perez rejected that offer, and summary judgment was granted in Citizens’ favor, Citizens satisfied the initial threshold to recover attorney’s fees under section 768.79. However, the issue in this case is whether Citizens is prevented from recovering attorney’s fees under subsection (7)(a) of the statute, and rule 1.442(h)(1), based on whether Citizens’ settlement offer was made in good faith.
The trial court used the incorrect standard in determining whether Citizens’ proposal for settlement was made in good faith. Perez cited to the trial court, and the trial court seems to have relied on, language from a Third District case, Event Services America, Inc. v. Ragusa, 917 So.2d 882 (Fla. 3d DCA 2005). In Event Services, the Third District stated:
A reasonable basis for a nominal offer exists only where ‘the undisputed record strongly indicated] that [the defendant] had no exposure ’ in the case.
Id. at 884 (quoting Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So.2d 292, 300 (Fla. 3d DCA 1997)) (emphasis added). However, the Fourth District has consistently held that:
The rule is that a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal.
State Farm Mut. Auto. Ins. Co. v. Sharkey, 928 So.2d 1263, 1264 (Fla. 4th DCA 2006) (emphasis added) (quoting Connell v. Floyd, 866 So.2d 90, 94 (Fla. 1st DCA 2004)). The difference between the standard quoted in Event Services and the one used by this court was discussed by Judge Warner in her concurring opinion in Shar-aby. As Judge Warner explained,
Event Services seems to suggest that the record must conclusively establish no liability on the part of the offeror to support a finding that a nominal offer was made in good faith. I disagree with that implication, and our case law does not support that interpretation, which the trial court in this case appeared to give it.
Sharaby, 45 So.3d at 564 (Warner, J., concurring). Judge Warner stated that “[t]he court applied too onerous a standard of requiring the record to be ‘undisputed’ that he had no liability in order to support a finding of good faith in the nominal offer.” Id. at 565. Likewise, we conclude that requiring a party to face “no exposure” in a case in order to make a nominal offer in good faith is too onerous a standard; the standard used by this court requires only that a party’s “exposure [i]s nominal.”
*4 In the instant ease, there is enough evidence in the record to conclude that Citizens faced only nominal exposure, as Perez did not first report the alleged damage to his home for nearly four years after the fact.
Therefore, we reverse the trial court’s order denying Citizens’ recovery of attorney’s fees and remand with instructions that the trial court enter an order granting attorney’s fees to Citizens and determining the amount to be awarded.

Reversed and remanded with instructions.

WARNER, GROSS and CONNER, JJ., concur.

. The policy required that Perez submit this information to Citizens within sixty days of the loss.

. Citizens also requested costs, which the trial court granted.