IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TAYLOR ENGINEERING, INC.
& ROBERT J. WAGNER, P.E.,

      Appellants,

v.

DICKERSON FLORIDA, INC., a
Florida corporation,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4782

_____/

Opinion filed May 31, 2017.

An appeal from the Circuit Court for Duval County.
Karen K. Cole, Judge.

George R. Truitt and Kathryn L. Ender of Cole, Scott & Kissane, P.A., Miami, for
Appellants.

Peter A. Robertson, Erin Rohan Smith, William Douglas Stanford, Thomas J.
Tollefsen, and William Collins Cooper of the Robertson Firm, St. Augustine; James
C. Hauser of Attorney's Fees in Florida PL, Maitland, for Appellee.

WINOKUR, J.

      Appellants (collectively "Taylor") filed a post-trial motion for attorneys' fees

and costs pursuant to section 768.79(1), Florida Statutes, and Florida Rule of Civil

Procedure 1.442. The trial court denied the motion on the authority of *Borden Dairy Co. of Alabama, LLC v. Kuhajda*, 171 So. 3d 242 (Fla. 1st DCA 2015) (holding that a proposal for settlement must strictly comply with the content requirements of rule 1.442(c)(2) in order to entitle the movant to attorneys' fees and costs). Taylor appealed. However, while this appeal was pending, the Florida Supreme Court quashed our decision in *Borden Dairy*. *Kuhajda v. Borden Dairy Co. of Alabama, LLC*, 202 So. 3d 391 (Fla. 2016). Based on the supreme court's decision, Appellee ("Dickerson") concedes that the trial court erred in holding that Taylor's proposal for settlement was invalid for failing to strictly comply with the content requirements of rule 1.442. Accordingly, we reverse and remand for the trial court to reconsider Taylor's motion in light of the supreme court's decision in *Kuhajda*.

The *Kuhajda* decision does not, however, fully resolve this appeal. Dickerson also argued that Taylor's proposal for settlement was a nominal offer that was not made in good faith, and for this reason the trial court should disallow an award of costs and attorneys' fees. § 768.79(7)(a), Fla. Stat. The parties contend that this Court has made inconsistent rulings concerning the standard in determining whether a nominal offer is made in good faith. While we find that the case law is not inconsistent, we reiterate that, for purposes of the offer of judgment statute, a nominal offer is made in good faith where the offeror has a reasonable basis to believe that its exposure to liability is minimal.

The apparent inconsistency in the good-faith standard involves *Arrowood Indemnity Co. v. Acosta, Inc.*, 58 So. 3d 286 (Fla. 1st DCA 2011), and *General Mechanical Corp. v. Williams*, 103 So. 3d 974 (Fla. 1st DCA 2012). The *Arrowood* court noted "[i]n the context of a nominal offer of judgment, this court has held that where the offeror has a reasonable basis to believe that exposure to liability is *minimal*, a nominal offer is appropriate." *Arrowood*, 58 So. 3d at 289 (emphasis supplied). However, in the same context, we held in *General Mechanical* that "a reasonable basis [for a nominal offer] exists only where the undisputed record strongly indicates that the defendant had *no* exposure." *Gen. Mech.*, 103 So. 3d at 976 (emphasis supplied). At first glance, it appears that the *General Mechanical* court would disqualify a nominal offer from the offer of judgment statute unless the defendant had "no exposure" at all to liability, whereas the *Arrowood* court would permit a nominal offer under the statute as long as the defendant's exposure to liability could be characterized as "minimal." However, a review of the relevant case law reveals no such inconsistency.

The offer of judgment statute provides in pertinent part as follows:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability[.]
>
> . . . .

3

(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

§ 768.79(1) & (7)(a), Fla. Stat.[1]

In determining whether a nominal offer was made in good faith, we have previously applied the standard articulated in *Arrowood*. *See Zachem v. Paradigm Prop. Mgmt. Team, Inc.*, 867 So. 2d 1263 (Fla. 1st DCA 2004) ("A nominal offer is appropriate where the offeror has a reasonable basis to believe that exposure to liability is minimal."). *See also Connell v. Floyd*, 866 So. 2d 90, 94 (Fla. 1st DCA 2004) (Benton, J., dissenting) (stating that the rule is that "a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal").[2] The apparently different standard used by this Court in *General Mechanical* cites for that rule to *Event Services America, Inc., v. Ragusa*, 917 So. 2d 882 (Fla. 3d DCA 2005). In fact, *Event Services* does not necessarily set a different standard.

The *Event Services* court held as follows:

---

[1]  Similarly, Florida Rule of Civil Procedure 1.442(h)(1) provides that the court may "determine that a proposal [for settlement] was not made in good faith" and "disallow an award of costs and attorneys' fees."

[2] While this observation was made in a dissenting opinion, the majority based its ruling on the lack of particularity of the settlement offer, not the lack of exposure to liability.

A reasonable basis for a nominal offer exists only where "the undisputed record strongly indicate[s] that [the defendant] had *no exposure*" in the case. Therefore, a nominal offer should be stricken unless the offeror had a reasonable basis to conclude that its *exposure was nominal*.

*Id.* at 884 (citations omitted; emphasis supplied) (citing *Peoples Gas Sys., Inc. v. Acme Gas Corp.*, 689 So. 2d 292, 300 (Fla. 3d DCA 1997)). In other words, *Event Services* appears to utilize *both* the no-exposure and the minimal-exposure standard. However, we find that *Event Services* can be reasonably read as using the phrase "no exposure" as synonymous with "nominal exposure." This conclusion is bolstered by the fact that, aside from *Event Services* and *Peoples Gas*, the Third District has consistently held that the standard is whether there is a reasonable basis to indicate that a defendant's exposure was nominal. *See, e.g., Key West Seaside, LLC v. Certified Lower Keys Plumbing, Inc.*, 208 So. 3d 718 (Fla. 3d DCA 2015) (holding that good faith exists as a matter of law where at the time an offer was made the offeror had a reasonable basis to conclude that its exposure was nominal); *Isaias v. H.T. Hackney Co.*, 159 So. 3d 1002, 1004-05 (Fla. 3d DCA 2015) (footnote omitted) ("The determination of whether a 'nominal' offer is in good faith requires the trial court to consider whether the offeror had a reasonable basis to conclude, at the time of making the offer, that its exposure was nominal."); *Downs v. Coastal Sys. Int'l, Inc.*, 972 So. 2d 258 (Fla. 3d DCA 2008) (applying standard requiring a reasonable belief of nominal exposure); *Dep't of Highway Safety & Motor Vehicles, Fla.*

5

*Highway Patrol v. Weinstein*, 747 So. 2d 1019, 1020 (Fla. 3d DCA 1999) (applying standard requiring reasonable belief of nominal exposure). Moreover, the fact that the Third District has not seen fit to address the seeming discrepancy supports the proposition that it does not consider *Event Services* or *Peoples Gas* to be inconsistent with its other cases.

Even if *Event Services* did set a "no exposure" standard, we continue to follow the "minimal exposure" standard. The Fourth District has suggested that *Event Services* did specifically establish a no-exposure standard for a good-faith offer, but has rejected that standard. In *Citizens Property Insurance Corp. v. Perez*, the Fourth District distinguished *Event Services* and clarified that it had consistently held that "[t]he rule is that a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a *reasonable basis* to conclude that its *exposure was nominal*." 164 So. 3d 1, 3 (Fla. 4th DCA 2014) (quoting *State Farm. Mut. Auto. Ins. Co. v. Sharkley*, 928 So. 2d 1263, 1264 (Fla. 4th DCA 2006) (emphasis original)). The Fourth District opined that the no-exposure standard is "too onerous." *Id.* at 3; *see also Sharaby v. KLV Gems Co.*, 45 So. 3d 560, 564 (Fla. 4th DCA 2010) (Warner, J., concurring) (disagreeing with the *Event Services* standard and also stating she did not "think that *Peoples Gas* intended to set a rule that requires an undisputed record, showing no liability, in order to prove that a minimal offer was made in good faith").

The Second and Fifth District Courts of Appeal also apply the standard articulated in *Arrowood*. *See, e.g.*, *Gawtrey v. Hayward*, 50 So. 3d 739, 743 (Fla. 2d DCA 2010) ("In assessing whether Ms. Gawtrey's nominal offer was made in good faith, the trial court was required to look at whether Ms. Gawtrey had a reasonable basis when the offer was made to conclude that her exposure in the case was nominal."); *Gurney v. State Farm Mut. Auto. Ins. Co.*, 889 So. 2d 97, 99 (Fla. 5th DCA 2004) (explaining that a nominal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal).

In summary, it appears that the no-exposure standard articulated in *General Mechanical* originated from language in *Peoples Gas,* which was then adopted in *Event Services*—but neither opinion clearly adopts this standard. In turn, this Court cited *Event Services* in explaining the appropriate standard to determine whether a nominal offer is made in good faith. Because this Court and other district courts have generally applied the *Arrowood* minimal-exposure standard, and because *Event Services*—the case on which *General Mechanical* relies—appears to be a deviation from the standard generally used in the Third District, the appropriate standard is whether the offeror had a reasonable basis to conclude that his/her exposure was nominal or minimal.[3] This is the standard the trial court should apply on remand to

---

[3] We also note the well-established rule that "a three-judge panel of a district

7

determine whether Taylor's offer of judgment was made in good faith, pursuant to section 768.79(7)(a).

REVERSED AND REMANDED.

OSTERHAUS and BILBREY, JJ., CONCUR.

---

court should not overrule or recede from a prior panel's ruling on an identical point of the law." *In re Rule 9.331*, 416 So. 2d 1127, 1128 (Fla. 1982). The *General Mechanical* panel would not have been authorized to overrule *Arrowood* without an en banc proceeding. *See Adams v. State*, 188 So. 3d 849 (Fla. 1st DCA 2012).