# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-762
Lower Tribunal No. 16-30356
_____

## City of Miami,
Appellant,

vs.

## Charles J. Bencomo and Stacy Bencomo,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Victoria Méndez, City Attorney, and Eric J. Eves, Assistant City Attorney, for appellant.

Lindsey M. Tenberg, P.A., and Lindsey M. Tenberg (Lighthouse Point), for appellees.

Before LOGUE, SCALES and GORDO, JJ.

GORDO, J.

The City of Miami appeals a final order denying its motion for attorneys' fees and costs. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We find the trial court erred in denying the City's attorneys' fees and costs pursuant to section 768.79, Florida Statutes (2017), and, therefore, reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2016, Charles Bencomo and Stacy Bencomo ("the Bencomos") filed a complaint against the City of Miami for damages after Charles Bencomo's car was rear-ended by a police officer. The City timely filed an answer brief which asserted that it was entitled to sovereign immunity because the police officer was off-duty when the accident occurred. Before any substantial work was done in the case, the City served the Bencomos nominal offers for settlement pursuant to section 768.79, which were rejected. In 2019, the City filed for summary judgment and the trial court entered final judgment in its favor based on sovereign immunity, finding no genuine issue of material fact existed that the police officer was acting outside the course and scope of her employment. This Court affirmed that decision. See Bencomo v. City of Miami, 306 So. 3d 268, 268 (Fla. 3d DCA 2020).

2

The City then filed a motion for attorneys' fees and costs. The Benocomos filed no response. The trial court held a non-evidentiary hearing and denied the motion, finding that the offers for settlement were not made in good faith simply because they were nominal and "the offer was made virtually with no work done." This appeal followed.

## LEGAL ANALYSIS

"A trial court's ruling that an offer of judgment was not made in good faith is reviewed for abuse of discretion." Miccosukee Tribe of Indians of Fla. v. Lewis Tein P.L., 277 So. 3d 299, 301 (Fla. 3d DCA 2019). "An erroneous view of the law can constitute an abuse of discretion." Finkel v. Batista, 202 So. 3d 913, 915 n.1 (Fla. 3d DCA 2016). Further, a trial court's findings of fact are reviewed for competent substantial evidence. See Crawford v. Fed. Nat'l Mortg. Ass'n, 266 So. 3d 1274, 1277 (Fla. 5th DCA 2019).

The City contends that the trial court erred by denying its motion for attorneys' fees and costs when it had a reasonable basis to make a nominal offer. Based upon the record before us, we agree. Pursuant to section 768.79, "a right to attorney's fees is established once the two statutory requisites are satisfied." Lewis Tein P.L., 277 So. 3d at 302. "These requisites are (1) 'a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than

3

the demand or offer.'" Id. (quoting Schmidt v. Fortner, 629 So. 2d 1036, 1040 (Fla. 4th DCA 1993)). It is uncontested by the parties that the City made valid offers for settlement pursuant to section 768.79. At issue here is whether the trial court abused its discretion in determining the City's nominal offers were made in bad faith.

Section 768.79(7)(a) states that even if "a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees." § 768.79(7)(a), Fla. Stat. The trial court, here, found that the offers were made in bad faith based solely on the fact that the offers were nominal. No other evidence of bad faith was ever presented to the trial court. A trial court's findings must be supported by competent, substantial evidence. St. Vincent's Med. Ctr., Inc. v. Mem'l Healthcare Grp., Inc., 967 So. 2d 794, 799 (Fla. 2007) ("[A]ppellate courts review a trial court's factual findings to determine the existence of supporting competent, substantial evidence."). Further, a finding of bad faith cannot be made merely because the offer was nominal. See Lewis Tein P.L., 277 So. 3d at 302; Downs v. Coastal Sys. Intern., Inc., 972 So. 2d 258,

4

262 (Fla. 3d DCA 2008); <u>Fox v. McCaw Cellular Commc'ns of Fla., Inc.</u>, 745 So. 2d 330, 333 (Fla. 4th DCA 1998).

It is well established that when determining whether a nominal offer was made in good or bad faith a trial court must consider "whether the offeror had a reasonable basis to conclude, at the time of making the offer, that its exposure was nominal." <u>Isaias v. H.T. Hackney Co.</u>, 159 So. 3d 1002, 1004–05 (Fla. 3d DCA 2015); <u>see also</u> <u>United Auto. Ins. Co. v. Partners in Health Chiropractic Ctr.</u>, 233 So. 3d 1201, 1204 (Fla. 3d DCA 2017); <u>Dep't of Highway Safety & Motor Vehicles, Fla. Highway Patrol v. Weinstein</u>, 747 So. 2d 1019, 1020 (Fla. 3d DCA 1999); <u>Taylor Eng'g, Inc. v. Dickerson Florida, Inc.</u>, 221 So. 3d 719, 720 (Fla. 1st DCA 2017). We find the only record evidence establishes that the City had a reasonable basis to conclude that any exposure against it would be nominal. The Bencomos' claims arose from the actions of an off-duty police officer, and it is well settled that such actions do not overcome the protection of sovereign immunity. <u>See</u> <u>Rabideau v. State</u>, 409 So. 2d 1045, 1046 (Fla. 1982); <u>Garcia v. City of Hollywood</u>, 966 So. 2d 5, 7 (Fla. 4th DCA 2007). This was further supported by the fact that the trial court, and this Court, found final judgment in the City's favor on this ground. A reasonable basis for a nominal offer exists "where 'the undisputed record strongly indicate[s] that [the defendant] had

5

no exposure' in the case." <u>Event Servs. Am., Inc. v. Ragusa</u>, 917 So. 2d 882, 884 (Fla. 3d DCA 2005) (quoting <u>Peoples Gas Sys., Inc. v. Acme Gas Corp.</u>, 689 So. 2d 292, 300 (Fla. 3d DCA 1997)). Because the trial court abused its discretion by making a finding of bad faith that was unsupported by competent substantial evidence, and the City had a reasonable basis to serve nominal offers, we reverse and remand with instructions for the trial court to determine reasonable fees and costs.

Reversed and remanded.