WILLIS, BEN C., Associate Judge.
Appellant-plaintiff sued the defendant Hurley, as Bishop of the Diocese of St. Augustine, to foreclose its alleged lien under Chapter 84, Florida Statutes, 1961, F.S.A.[1] on real property of this defendant. The lien is alleged to arise out of a subcontract plaintiff had with the general contractor of a construction contract with defendant Hurley for the improvement of the latter’s property. A motion to dismiss the first amended complaint was denied, but *329 in the order of denial the trial court directed that the plaintiff join as a party defendant in the cause H. J. High Construction Company, a corporation, which was the general contractor involved in the case. This defendant will be hereinafter referred to as “High”.
We will pause here to note that the trial court has ample power to direct the joinder of this additional party. Under Rule 1.18, F.R.C.P., 30 F.S.A. parties may be added or dropped by order of the court on motion or of its own initiative at any stage of the action and on such terms as are just. The justice of this action is obvious.
Subsequent to the order mentioned, a second amended complaint was filed in which Bishop Hurley and High were made defendants. This complaint was filed October 18, 1963. The record before us does not reveal the date of filing the original complaint. The first pleading shown in this rehord is the first amended complaint which was filed August 6, 1963.
The second amended complaint alleged that High entered into a contract with the Bishop for the improvement of certain described diocese real property and that the plaintiff performed labor and furnished materials as provided in the prime contract which were used to improve the described real property. It further alleged that plaintiff had become entitled to $6,070 because of its performance of its part of the prime contract and that plaintiff had filed and recorded a claim of lien against the subject property on April 30, 1962. It was also set forth that in another cause pending before the Court, High posted a bond in the sum of $7,000 “in substitution of the lien herein sought to be foreclosed”. The prayers sought adjudication of a lien against the property described or the substituted bond for the $6,070 with interest and for foreclosure of same, and for other appropriate relief.
The defendant Hurley answered and moved for a summary final decree. The defendant High moved to dismiss the Complaint on the ground, among others, that it affirmatively appears that plaintiff had failed to bring proceedings to foreclose the alleged lien within a period of one year from the date of the filing of said lien as required by the statute (Sec. 84.23(3) Florida Statutes, 1961, F.S.A.)
The chancellor entered a “summary final decree” which dismissed the suit with prejudice as to the defendant Hurley, and further dismissed the suit as to High “without prejudice however to any right which plaintiff may have against said defendant or the bond filed for transfer of plaintiff’s lien to bond in substitution of the real property”.
From this adverse decree the plaintiff has appealed.
The portion of the decree in favor of Bishop Hurley is clearly correct. It was shown that there is no genuine issue of any fact material to determine the existence, vel non of a cause of action against the owner of the premises on which the lien was claimed. It is shown that there was no privity of contract between plaintiff and the owner of the premises and no express or implied obligation from such owner to the plaintiff. Whatever rights plaintiff may have ever had against the owner or his property arising out of plaintiff’s subcontract participation in this project are limited to the lien provided by Chapter 84 (Mechanics Lien Law), Florida Statutes, 1961, F.S.A. This lien was transferred to a posted surety bond pursuant to the provision of Section 84.24(2), Florida Statutes, 1961, F.S.A. This had the effect of removing the lien from the real property of the owner. After such transfer there remained no right, claim or demand against the defendant Hurley or against any of his property which the plaintiff had any right to enforce. Such defendant was accordingly entitled to a final decree in his favor as a matter of law.
As to the propriety of the judgment regarding defendant High, it appears that *330 when the equitable lien against the property itself was transferred to the surety bond as posted by High there arose a legal obligation by which plaintiff could proceed against High on the sureties on the bond. In view of this, it would appear that the trial judge might here give consideration to the propriety of transferring that phase of the case to the law side of the court as provided by Rule 1.39, F.R.C.P.
Accordingly, the judgment rendered is affirmed as to the defendant Hurley and with regard to defendant High the' cause is remanded for consideration by the trial court of transfer of this portion of the cause to the law side of the court
Affirmed in part and reversed in part.
STURGIS, C. J., and RAWLS, J., concur.

. Chapter 63-135, Laws of Florida, Acts of 1963 contains a revision of Chapter 84, Florida Statutes, F.S.A., but did not take effect until October 1, 1963. The provisions of said Chapter 84 which are involved in this case are as they were prior to enactment of said Chapter 63-135.