WELLS, J.
Subcontractor Certified Lower Keys Plumbing, Inc. (“CLKP”), seeking payment for work performed, asserted claims below against general contractor Current Builders of Florida, Inc. (“CBF”), its sister company CB Development, Inc. (“CBD”), president of the Current companies Michael Taylor, Travelers Casualty and Surety Company of America, and property owner/developer Key West Seaside, LLC, for breach of contract, lien foreclosure, breach of bond, fraudulent conveyance, and unjust enrichment. The trial court ruled in favor of defendant Seaside, but against all of the remaining defendants. We affirm these rulings in all but one minor respect — the starting date used in assessing prejudgment interest[1]; on this single point, we reverse and remand.
CBF was hired by Seaside to construct improvements on Seaside’s property. CBF in turn subcontracted with CLKP to perform plumbing work on the project with CLKP agreeing to receive payment when CBF was paid by Seaside. When Seaside subsequently became unable to pay CBF, CBF first accepted a note and mortgage from Seaside in lieu of final payment and then ultimately received title to one of the units (Unit 51) at the development. This transfer of an asset valued at some $2.5 million dollars was made to CBF “[i]n consideration of a full satisfaction of all prior claims” against Seaside.
Although this transfer far exceeded the $130,482.17 CBF owed to CLKP, CBF did not pay CLKP as required by the terms of their subcontract. Rather, CBF trans *584 ferred Unit 51 to its sister corporation CBD, and as the trial court found, “falsely declared] to the State of Florida in its [CBF’s] articles of dissolution that no debt of the corporation remained unpaid.” In the suit which followed, the trial court rejected CBF’s position, the essence of which was that with no assets in its possession, it had no obligation to pay CLKP, and instead, granted judgment in favor of Seaside, finding it had paid CBF, and in favor of CLKP as to all of the remaining claims and defendants.[2]
We reject appellants’ numerous claims of error including the claim that the trial court erred in denying surety Travelers’ exceptions to a magistrate’s report[3] and thereafter entering final judgment against the payment bond at issue,[4] and the claim that the trial court erred in holding CBD and Taylor individually liable for unjust enrichment.[5]
We do, however, adopt appellants’ argument that under the subcontract between CBF and CLKP, prejudgment interest should have been calculated from the date Seaside paid CBF, not from the date CLKP completed its work as the court below determined. As even CLKP seems to accept, the date that CBF sur *585 rendered its rights under its construction contract and accepted from Seaside a note and mortgage in lieu thereof, was July 11, 2007, the earliest date from which prejudgment interest could be calculated. See Capitol Envtl. Servs. Inc. v. Earth Tech, Inc., 25 So.3d 593, 597 (Fla. 1st DCA 2009) (“Once the jury sets the amount of damages to be awarded, the damages are retroactively considered liquidated damages, and the plaintiff is entitled to prejudgment interest back to the date that the damages were due.”); Reimbursement Recovery, Inc. v. Indian River Mem’l Hosp., Inc., 22 So.3d 679, 682-83 (Fla. 4th DCA 2009) (“Where a disputed claim becomes liquidated by the trier of fact as to the amount recoverable, interest should be awarded from the date the payment was due. Id. [Berloni v. Della Casa, 972 So.2d 1007 (Fla. 4th DCA 2008).] (quoting Celotex Corp. v. Buildex, Inc., 476 So.2d 294, 295 (Fla. 3d DCA 1985)).”); see e.g., Bevins v. Antuna, 68 So.3d 420, 420 (Fla. 4th DCA 2011) (“Antunas should recover from the Bevins the accrued prejudgment interest on their escrow deposit from the date the funds should have been returned to them.”); Santini v. Cleveland Clinic Fla., 65 So.3d 22, 34 n. 15 (Fla. 4th DCA 2011) (“[I]f the trial court were basing the prejudgment interest on the ‘agreement’ of the parties, then interest would not accrue until Dr. Santini actually received the proceeds (sometime after September 26, 2007). See McCarthy [v. Estate of Krohn,] 16 So.3d [193,] 195 [ (Fla. 4th DCA 2009) ] (holding that where an agreement between a client and an attorney makes payment contingent on the proceeds of recovery, prejudgment interest is calculated from date the client actually receives the proceeds).”). Prejudgment interest should, therefore, have been calculated from that date and not the date on which CLKP completed performance.
In all other respects we find no error in the trial court’s analysis. Accordingly, the final judgment is reversed and remanded for recalculation of the prejudgment interest award; the balance of the judgment is affirmed.

. The trial court also awarded attorney’s fees to CLKP which we similarly find entirely proper.

. The trial court concluded:
Based upon the evidence in the case, the court finds that CBF was, in fact, paid in full by the owner as a consequence of the settlement wherein CBF received the deed to Unit 51. The court further finds that the attempted transfer of Unit 51 to a related corporation and the subsequent dissolution of CURRENT BUILDERS OF FLA., INC., constituted a fraudulent transfer, in an attempt to evade the lawful claim of Plaintiff, and in violation of Florida law. The court further finds that the lien claimed against the property of Defendant KEY WEST SEASIDE, LLC, was timely filed and further that as a consequence of factual findings by the Special Magistrate on a motion for partial summary judgment, and based upon the evidence received by this court at trial of the matter, the lien claimed was successfully transferred to the bond issued by Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA.

. Travelers filed Exceptions to the Special Master’s Report. However Travelers failed to maintain a record of the proceedings before the Special Master. A factual review is limited to the record that was presented to the Special Master. See Robinson v. Robinson, 928 So.2d 360, 362 (Fla. 3d DCA 2006). The Trial Court issued an order affirming the findings of fact and conclusions of law of the Special Master and adopted the Master’s Recommendations. Having failed to preserve a record of the proceedings before the Special Master, Travelers is now precluded from attacking the Master’s Report here.

. The trial court’s order in relevant part concluded:
Count III: Judgment is hereby rendered in favor of the Plaintiff and against Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, INC., in the amount of $130,482.17 plus pre-judgment interest, post-judgment interest, costs and attorney’s fees to be determined at a post-judgment hearing. The court’s prior order affirming the Magistrate's report dated June 23, 2010, is hereby reaffirmed, thereby disposing of Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA’S renewed argument regarding the Magistrate’s report dated June 23, 2010.

. Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc., 889 So.2d 180, 196 (Fla. 2d DCA 2004) (quoting Circle Fin. Co. v. Peacock, 399 So.2d 81, 84 (Fla. 1st DCA 1981) (citations omitted)), explains:
Unjust enrichment is characterized as the effect of a failure to make restitution for property received by one under such circumstances as to give rise to a legal or equitable obligation, thereby requiring such person to account for his retention of the property. Stated differently, the doctrine is a recognition that a person is accountable to another on the ground that if the former were not required to do so, he would unjustly benefit, or the other would unjustly suffer loss.