FERNANDEZ, J.
State Farm Florida Insurance Company-appeals the trial court’s order denying its motion for attorney’s fees. We reverse because State Farm’s nominal settlement offer to its insured Ivonne Laughlin-Alfon-so was not made in bad faith and, as such, State Farm was entitled to an award of attorney’s fees.
Laughlin-Alfonso submitted a supplemental home damage claim to State Farm through her public adjustor, after which State Farm requested several documents from Laughlin-Alfonso that included a Sworn Proof of Loss. Laughlin-Alfonso did not comply with State Farm’s requests.
Laughlin-Alfonso thereafter filed suit. She once again did not comply with any of State Farm’s requests during the course of discovery. She also denied State Farm’s nominal settlement offer.
The trial court ultimately entered summary judgment for State Farm. State Farm then moved for attorney’s fees under section 768.79, Florida Statutes (2011), and Florida Rule of Civil Procedure 1.442. The trial court denied the motion and found that State Farm made the initial settlement offer in bad faith.
We conclude that State Farm did not act in bad faith when it made the nominal settlement offer to Laughlin-Al-fonso. The abuse of discretion standard of review governs this Court’s review of a trial court’s determination that a proposal for settlement was not made in good faith. See Event Servs. Am., Inc. v. Ragusa, 917 So.2d 882, 884 (Fla. 3d DCA 2005). It is well established that insureds must comply with conditions precedent to filing a lawsuit against their insurer, including submission of a Sworn Proof of Loss. See Gonzalez v. State Farm Fla. Ins. Co., 65 So.3d 608 (Fla. 3d DCA 2011); Edwards v. State Farm Fla. Ins. Co., 64 So.3d 730, 732-33 (Fla. 3d DCA 2011). To determine whether State Farm’s settlement offer was justified, we consider whether “the record demonstrates conclusively that, at the time [the offer] was made, ‘[State Farm] ... had a reasonable basis ... to conclude that [its] exposure was nominal.’” Dep’t of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019, 1020 (Fla. 3d DCA 1999) (quoting Fox v. McCaw Cellular Commc’ns, Inc., 745 So.2d 330, 333 (Fla. 4th DCA 1998)).
The terms of the State Farm insurance policy required Laughlin-Alfonso to assist State Farm in its investigation of her claim to the best of her ability before she filed suit. The record reflects that Laughlin-Alfonso did not respond to any of State Farm’s requests and failed to submit a Sworn Proof of Loss. Laughlin-Alfonso also failed to respond to State Farm’s discovery requests. Additionally, she failed to submit any credible evidence to support her supplemental claim, other than the public adjuster’s report.
We thus conclude that State Farm had a reasonable basis to believe that its exposure was nominal and did not act in bad faith when it made the settlement offer to Laughlin-Alfonso. We therefore reverse the trial court’s order denying State Farm’s motion for attorney’s fees, and remand with instructions to enter an attorney’s fee award in State Farm’s favor.
*316 Reversed and remanded with instructions.