SALTER, J.
State Farm Insurance Company appeals a final order denying its motion for attor *1123 ney’s fees and costs. The issue is whether State Farm’s proposals for settlement submitted to each of the insureds (plaintiffs below, appellees here) fulfilled the fee-shifting requirements set forth in section 768.79, Florida Statutes (2010), and in Florida Rule of Civil Procedure 1.442. After State Farm obtained a final summary judgment in its favor and moved to recover its attorney’s fees and costs, the trial court entered a written order denying the motion without specifying any basis for the denial.
The transcript of the hearing on the motion indicates that the appellees argued that the proposals for settlement were nominal and in bad faith, and that State Farm had made similarly-nominal offers on “late-filed” Hurricane Wilma claims in some sixty-eight other cases. The eighteen-minute hearing on the motion consisted of argument by counsel, and obviously there was no opportunity to assess the particular facts of the other sixty-eight alleged cases.
Finding no proof of bad faith in State Farm’s proposals to the appellees in this case, and no determination of bad faith by the trial court on the record of these particular proposals for settlement, we reverse the order below and remand with directions to grant the motion and to award State Farm its reasonable attorney’s fees and costs in conformance with the cited statute and rule. Nominal offers are not necessarily indicative of bad faith. Downs v. Coastal Sys. Inti, Inc., 972 So.2d 258, 262 (Fla. 3d DCA2008).
Reversed and remanded with directions.