# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2593
Lower Tribunal No. 03-20260
_____

**Roberto Isaias, et al.,**
Appellants,

vs.

**The H.T. Hackney Co.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Krinzman, Huss & Lubetsky and Lynette Ebeoglu McGuinness, for appellants.

Bilzin Sumberg Baena Price & Axelrod and David Gersten and Michael Kreitzer and Justin Brenner, for appellee.

Before WELLS, SALTER and LOGUE, JJ.

SALTER, J.

Roberto Isaias and two corporate co-defendants appeal final orders awarding Isaias one-third of his attorney's fees incurred in defense of the case below and denying any recovery of attorney's fees to the corporate co-defendants. We reverse and remand with directions to award to all three appellants the entirety of the fees and costs found reasonable by the trial court.[1]

Facts and Procedural Background

The appellee, The H.T. Hackney Co. ("Hackney"), is a wholesale grocery distributor which provided products to the Farm Stores chain of convenience stores. Isaias, and certain corporations and partnerships controlled by Isaias, owned substantial interests in several Farm Stores businesses. Among these entities were appellants REW Dairy Investments, Inc. ("REW Dairy"), and Toni Gas Food Stores, Inc. ("Toni Gas").

In November 1999, Isaias and the entities he controlled sold all of their interests in the businesses to F.S. Convenience Stores, Inc. By 2002, Autumn Partnership, LLP ("Autumn"), had acquired and was operating the Farm Stores business. In 2002, Autumn sued Hackney in the circuit court in Miami for an alleged breach of one of the distribution agreements.

---

[1] The trial court concluded that the total fees and costs claimed for all three co-defendant/appellants were $123,917.48 in attorney's fees, and $9,186.80 in costs, and that these amounts were reasonable. However, for reasons explained in the body of this opinion, the trial court only awarded one-third of the fees, $41,305.82, plus all of the costs, and only awarded that lesser amount to Isaias.

2

In 2003, Hackney filed its own suit against Isaias, REW Dairy, Toni Gas, and the other persons and entities which had operated the Farm Stores locations until the November 1999 sale. In its second amended complaint, Hackney alleged that the Farm Stores owners (including the partners, shareholders, and directors of the ownership entities) had not paid Hackney's invoices issued from September 1998 through some time in 2001.

In 2006, Isaias sought and obtained a summary judgment that he would not be liable for any debt incurred by his Farm Stores entities to Hackney after the November 1999 sale of the chain. Discovery in the case, and in particular sworn interrogatory answers served by Hackney in March 2007, confirmed that all of Hackney's invoices issued to the Isaias-related Farm Stores entities under the distribution agreements before the sale of the chain in November 1999 "have been paid."

Isaias, REW Dairy, and Toni Gas then moved for a final summary judgment based on the concession that the invoices for debts incurred following the sale of the Farm Stores chain had been paid, but the trial court denied the motion.[2] Immediately after that ruling, Isaias, REW Dairy, and Toni Gas each filed separate proposals for settlement for $500.00.

---

[2] This account of the proceedings below omits the defaults initially obtained by Hackney against REW Dairy and Toni Gas, as these were set aside upon those defendants' motions well in advance of the proceedings relevant to this appeal.

The case never made it to trial or a renewed motion for final summary judgment; in 2010, Hackney's pleadings were stricken and its claims were dismissed with prejudice for spoliation of documentary evidence.[3] Thereafter, the trial court heard the motions of Isaias, REW Dairy, and Toni Gas for attorney's fees and costs based on the proposals for settlement, section 768.79(1), Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442.

The trial court first determined that the offers made by REW Dairy and Toni Gas were not made in good faith, such that no attorney's fees or costs should be awarded to either. The trial court awarded attorney's fees and costs to Isaias, but concluded that the claimed fees could not be apportioned among the three appellants. The trial court divided the attorney's fees claimed by the three appellants by three and awarded that amount—plus the costs and expert witness fees—to Isaias. This appeal followed.

<u>Analysis</u>

This appeal presents two issues. The first is whether the trial court correctly determined that the $500.00 settlement offers by REW Dairy and Toni Gas were not made in good faith, warranting disallowance of attorney's fees and costs under Rule 1.442(h)(1). Hackney bore the burden of demonstrating that the offers were not in good faith. <u>Segundo v. Reid</u>, 20 So. 3d 933 (Fla. 3d DCA 2009). The

_____

[3] This Court affirmed that final judgment of dismissal with prejudice, per curiam. <u>H.T. Hackney Co. v. Autumn P'ship, LLP</u>, 138 So. 3d 454 (Fla. 3d DCA 2014).

4

determination of whether a "nominal" offer[4] is in good faith requires the trial court to consider whether the offeror had a reasonable basis to conclude, at the time of making the offer, that its exposure was nominal. State Farm Fla. Ins. Co. v. Laughlin-Alfonso, 118 So. 3d 314 (Fla. 3d DCA 2013).

The record in the present case is that all three appellants had an objectively reasonable basis to make a nominal offer. Hackney had conceded, not only to Isaias, but also to REW Dairy and Toni Gas, that all invoices before the transfer of interests in the Farm Stores entities had been paid. Hackney had not, and has not, articulated any legally cognizable theory upon which the prior owners of interests in the Farm Stores entities could be liable to Hackney for post-sale invoices and deliveries. The second amended complaint, in particular, does not articulate such a theory.

We also cannot accept Hackney's argument that, while Isaias's proposal for settlement may have been in good faith because of the partial summary judgment he had obtained, REW Dairy and Toni Gas had not obtained such a ruling and were therefore regarded to have more than nominal exposure. As already noted, discovery provided an objectively reasonable basis for those two corporate defendants to make a nominal offer. The fact that a motion for summary judgment

---

[4] The fact that a proposal for settlement may be "nominal" does not automatically disqualify it from characterization as a good faith offer. State Farm Ins., Co. v. Reyes, 137 So. 3d 1122 (Fla. 3d DCA 2014); Downs v. Coastal Sys. Int'l, Inc., 972 So. 2d 258 (Fla. 3d DCA 2008).

5

had been denied without elaboration does not control the assessment of the proposals for settlement. We therefore conclude that Hackney failed to demonstrate that the settlement proposals by REW Dairy and Toni Gas were not made in good faith, and we reverse that determination in the orders below.

The second issue before us is whether the form and content of the invoices submitted by the three appellants in support of their attorney's fees claims required an apportionment, such that the fee award to Isaias was required to be reduced by two-thirds of the total fees incurred and found reasonable by the trial court. We address this issue for the sake of completeness—recognizing that our determination on the issue of good faith in the settlement proposals by the corporate appellants makes it unnecessary to do so—in order to permit complete review if Hackney seeks any further review of this decision.

For the period from the date the settlement proposals were made until the date the judgments of no liability were entered against Hackney, the invoice entries, testimony, and other parts of the record do not provide any basis for the denial of the entire amount of attorney's fees Isaias claimed and proved. The trial court's decision to reduce the fees by two-thirds is apparently based on a conclusion that "Isaias failed to prove with specificity how much time he spent on his portion of the case as opposed to the time spent on the other two defendants."

6

Our review of the record does not support a defendant-by-defendant differentiation of the defense fees into "portions." Isaias, REW Dairy, and Toni Gas all pled and proved that the pertinent Hackney invoices were paid. That theory of defense was shared by all three appellants, and the same legal services benefited all three. The case relied upon by Hackney, <u>Dr. Gail Van Diepen, P.A. v. Brown</u>, 55 So. 3d 612 (Fla. 5th DCA 2011), involved a failure to apportion the plaintiffs' attorney's time entries between the seven counts of a complaint that resulted in an adverse jury verdict and the single count upon which the plaintiff/movant obtained a jury verdict for damages.

In contrast, all three appellants in the present case employed a single law firm to represent them based on the same theory of defense. Thus, even if we were to affirm the trial court's conclusion that only Isaias's settlement proposal was made in good faith, we would nonetheless reverse and remand the award to Isaias for one-third of the fees incurred, with directions to enter judgment to him for the entire amount of attorney's fees incurred, $123,917.48, together with costs (as allowed in the judgment under review), plus prejudgment interest as provided by law.

Having determined that the settlement proposals by all three appellants were made in good faith, we reverse and remand for the entry of a final judgment against Hackney awarding all three appellants, jointly and severally, the total sum

7

of $123,917.48, together with those costs allowed by the trial court, plus prejudgment interest as provided by law.  The total recovery by any one or more of the three appellants against Hackney shall not exceed that total.

Reversed and remanded, with directions.