# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

---

No. 3D13-2589
Lower Tribunal No. 07-1195 K

---

**Key West Seaside, LLC,**
Appellant,

vs.

**Certified Lower Keys Plumbing, Inc.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, David J. Audlin, Judge.

Vincent F. Vaccarella and Craig R. Lewis, for appellant.

Garcia & Smith, P.A., and Peter Rysman, for appellee.

Before SHEPHERD, LAGOA, and LOGUE, JJ.

LAGOA, J.

Key West Seaside, LLC, ("Seaside") appeals from an order denying its motion for attorney's fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2010), and Florida Rule of Civil Procedure 1.442. Because

a final judgment of no liability was entered in favor of Seaside, and because the trial court made no finding that Seaside's offer of judgment was not made in good faith, we reverse and remand with instructions to determine reasonable attorney's fees.

I.      FACTUAL AND PROCEDURAL HISTORY

Certified Lower Keys Plumbing, Inc., ("Certified") was the subcontractor on a condominium project owned by Seaside. Certified sued the following five defendants: (1) Seaside; (2) Current Builders of Fla., Inc., the general contractor; (3) Travelers Casualty and Surety Company of America, Inc., the surety; (4) CB Development; and (5) Michael Taylor, the president of Current Builders of Fla., Inc. One law firm represented all the defendants.

During the course of the litigation, each of the five defendants served an offer of judgment on Certified, none of which were accepted. Following trial, the trial court entered judgment against the general contractor. A judgment of no liability, however, was entered against Seaside. Specifically, the trial court ruled that "[j]udgment is hereby rendered in favor of Defendant KEY WEST SEASIDE, LLC on the basis that the lien was transferred to the bond of Defendant TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA and that Defendant KEY WEST SEASIDE, LLC, made payment in full to Defendant CURRENT BUILDERS OF FLA. INC."

Seaside subsequently moved for attorney's fees and costs under the offer of judgment statute and rule. The trial court denied the motion, basing its ruling in part

on the testimony of Seaside's attorney, Vincent Vaccarella, that the attorney's fees "were billed to and paid by or on behalf of Current Builders of Fla., Inc.," ("Current Builders") pursuant to an indemnification agreement between Seaside and Current Builders. The trial court also based its denial of fees on "the fact that Attorney Vaccarella, while advocating for Defendants Current Builders of Fla., Inc., CB Development, Inc., and Travelers Casualty and Surety Company of America, Inc., made arguments adverse to Key West Seaside, LLC." The trial court made no findings that Seaside made the offer of judgment in bad faith. This timely appeal followed.

II.    ANALYSIS

The sole issue before this Court is whether the trial court erred in denying Seaside's motion for fees and costs pursuant to section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. Florida's offer of judgment statute, section 768.79, provides in pertinent part that:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award.

3

. . . .

> (7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

§ 768.79(1), (7)(a), Fla. Stat. (2010).[1] Florida Rule of Civil Procedure 1.442(h)(1) further provides that "[i]f a party is entitled to costs and fees pursuant to applicable Florida law, the court may, in its discretion, determine that a proposal was not made in good faith. In such a case, the court may disallow an award of costs and attorneys' fees."

Under both the statute and rule, therefore, entitlement to fees and costs to a qualifying offeror is mandatory, if the statutory prerequisites have been met. Schmidt v. Fortner, 629 So. 2d 1036, 1040 (Fla. 4th DCA 1993). Indeed,

> once an offer has been filed by a defendant and a judgment is one of no liability by the defendant, the defendant has the right to an award of attorney's fees. The sole basis on which a court can disallow an entitlement to an award of fees is if it determines that a qualifying offer was not made in good faith.

Mesa v. Ocean Enters., Inc., 803 So. 2d 908, 909-10 (Fla. 4th DCA 2002) (holding that it was error for the trial court to deny a prevailing defendant attorney's fees

---

[1] This Court reviews *de novo* a trial court's ruling on a motion to award attorney's fees and costs pursuant to the offer of judgment statute and rule. Wolfe v. Culpepper Constructors, Inc., 104 So. 3d 1132, 1134 (Fla 2d DCA 2012); Health First, Inc. v. Cataldo, 92 So. 3d 859, 869 (Fla 5th DCA 2012); Jacksonville Golfair, Inc. v. Grover, 988 So. 2d 1225, 1226 (Fla. 1st DCA 2008).

4

under the offer of judgment statute without making a finding that the offer was made in bad faith); see also Downs v. Coastal Sys. Int'l, Inc., 972 So. 2d 258, 261 (Fla. 3d DCA 2008) ("[A]bsent a finding that a party's offer of judgment was not made in good faith, the trial court cannot disallow an entitlement to an award of fees."); Vines v. Mathis, 867 So. 2d 548, 550 (Fla. 1st DCA 2004); Mateo v. Rubiales, 717 So. 2d 133, 135 (Fla. 4th DCA 1998) (holding that trial court's failure to make a finding of bad faith under section 768.79(7)(a) where prerequisites of the statute have been fulfilled demands reversal of order denying entitlement to fees).

Here, the trial court denied Seaside's entitlement to attorney's fees without finding that Seaside's proposal was not made in good faith. Instead, its ruling was based on the fact that a co-defendant was legally responsible for Seaside's attorney's fees, and on its finding that in representing this co-defendant, the law firm seeking fees made arguments contrary to Seaside's position. The fact that another party or a nonparty may have paid the offeror's attorney's fees is of no consequence to the question of whether the offeror is entitled to fees and costs pursuant to the offer of judgment statute or rule.

Moreover, a review of the record indicates that there could have been no basis for the trial court to find that Seaside made its offer in bad faith. At the time the offer of judgment was made, the magistrate had ruled that Seaside's lien was transferred to the Travelers bond, and the trial court upheld that ruling twice—including in the Final Judgment. It is well established, as a matter of law, that a

5

determination that Seaside's transfer of the lien to the Travelers bond **precluded** liability against Seaside. See § 713.24(1), Fla. Stat. (2013); Allied Gen. Contractors v. Superior Asphalt Co., 397 So. 2d 727, 728 (Fla. 5th DCA 1981); Riviera Beach P'ship Ltd. v. S.I. Goldman Mech. Contractor, 345 So. 2d 783, 784 (Fla. 4th DCA 1977); Deltona Corp. v. Indian Palms, Inc., 323 So. 2d 282, 283 (Fla. 2d DCA 1975) (holding that an owner is not a proper party to a subcontractor's suit for payment after its lien was transferred to bond); W. Plumbing & Heating Co. v. Hurley, 168 So. 2d 328, 329-30 (Fla. 1st DCA 1964); see also Dep't of Highway Safety & Motor Vehicles v. Weinstein, 747 So. 2d 1019, 1020 (Fla. 3d DCA 1999) (holding that good faith exists as a matter of law where at the time an offer was made the offeror had a reasonable basis to conclude that its exposure was nominal); Wagner v. Brandeberry, 761 So. 2d 443, 445-46 (Fla. 2d DCA 2000) (same). Furthermore, as our sister court explained in Vines, 867 So. 2d at 550, the "entry of the no liability judgment in favor of [the defendant] mandated an award of attorneys' fees and costs absent a finding that [the] offer of judgment was not made in good faith."

Because the trial court did not find that Seaside's offer of judgment was made in bad faith and Seaside's offer of judgment met the statutory requirement for entitlement to fees, we find that the trial court erred in denying fees and costs. Accordingly, we reverse the trial court's order and remand with instructions for the trial court to determine reasonable attorney's fees.

SHEPHERD, J., concurs.

6

Key West Seaside, LLC, v. Certified Lower Keys Plumbing, Inc.
Case No. 3D13-2589

Logue, J. (dissenting)

For me, the dispositive legal point in this case is Seaside's failure to provide a copy of the transcript of the evidentiary hearing which formed the basis for the trial court's detailed and well-reasoned order. The order under review specifically states it is based on testimony taken at a hearing on August 22, 2013. Without reviewing the evidence presented and any findings the trial court made orally at the hearing, we are not in a position to opine that the trial court abused its discretion in denying Seaside attorney's fees for its nominal offer of judgment.

The most basic, black letter principle of appellate law is that the trial court's decision arrives before this court cloaked with a "presumption of correctness and the burden is on the appellant to demonstrate error." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). This principle is particularly applicable here because the trial court's order can only be reversed based upon a determination that the trial court abused its discretion. § 768.79 (7)(a), Fla. Stat. (2013); see also State Farm Fla. Ins. Co. v. Laughlin-Alfonso, 118 So. 3d 314, 315 (Fla. 3d DCA 2013) ("The abuse of discretion standard of review governs this Court's review of a trial court's determination that a proposal for settlement was not made in good faith."). Without a copy of the evidentiary hearing transcript, it is simply impossible for an appellate court to conclude that the trial court abused its

7

discretion in this case.

As the Florida Supreme Court explained,

In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error. . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.

Applegate, 377 So. 2d at 1152 (emphasis added).

Judge Padovano has noted, "the absence of a transcript is likely to present a serious problem if the order is one that turns on an issue of fact or the proper exercise of judicial discretion. In either of these events, it may be impossible to evaluate the order without reference to a full record of the testimony and other evidence." Philip J. Padovano, Florida Appellate Practice § 18:3, at 342 (2012 ed.). We have both events here. We are asked to review an order that implicates both issues of fact and a trial court's discretion. If any type of order requires a transcript in order to conduct a meaningful review, it is precisely this type of order which turns on issues of fact and the proper exercise of judicial discretion.

For this reason, in a virtually identical case, the Fourth District affirmed the denial of a motion for attorney's fees based upon an offer of judgment because "[t]here is no transcript of the hearing where the court denied the motion, and we

8

cannot determine whether the trial court's ruling was an abuse of its discretion." Bank One, Corp. v. Bornschein, 987 So. 2d 172, 172 (Fla. 4th DCA 2008). Seaside has the temerity to argue that the record on appeal indicates that there could have been no basis for the trial court to find that Seaside made its offer in bad faith. Seaside's argument should be summarily rejected for the simple reason that the record is incomplete because Seaside failed to provide the transcript. In fact, lawyers who have taken similar liberties with the record when making arguments on appeal have been sanctioned. See, e.g., Thornber v. City of Fort Walton Beach, 534 So. 2d 754, 755 (Fla. 1st DCA 1988).

Because Seaside failed to provide a copy of the evidentiary hearing transcript, we also cannot hold that the trial court failed to make a required finding of lack of good faith. For my part, although the order under review did not use any "magic words," I find that the trial court's order is replete with specific findings that point directly to Seaside's lack of good faith in making the nominal offer, and therefore the order constitutes a sufficient finding of lack of good faith. But even if one did not accept the written order as sufficient, it remains possible, indeed highly probable, that the trial court made such findings on the record at the hearing. Because the trial court's order is cloaked with a presumption of correctness, it was Seaside's burden to prove that no such findings were verbally made at the hearing. Applegate, 377 So. 2d at 1152; Bornschein, 987 So. 2d 172. Seaside failed to meet that burden. Id.

I also believe the majority errs by accepting Seaside's argument that the

9

nominal offer was in good faith as a matter of law because the trial court and this court on appeal found that the general contractor had, in fact, been paid (and therefore the lien against Seaside's property for the unpaid work transferred to the general contractor's bond). Seaside's argument in this regard ignores the fact that Seaside and its attorney have adamantly maintained in every forum that the general contractor had <u>not</u> been paid. In the first appeal, Seaside, represented by the lawyer now seeking fees, argued "the trial court's holding should be reversed <u>since [the General Contractor] in fact never received payment</u> as required by the subcontract." Brief for Appellants at 49, <u>Current Builders of Fla., Inc. v. Certified Lower Keys Plumbing</u>, 105 So. 3d 582 (Fla. 3d DCA 2012) (No. 3D11-2570) (emphasis added). Even after we upheld the trial court's ruling to the contrary in <u>Current Builders</u>, Seaside and its lawyer have the gall to maintain in the initial brief in this appeal that "neither Certified nor the general contractor received final payment." Yet Seaside and its lawyer simultaneously argue that the trial court and this court's rejection of Seaside's own argument proves that Seaside was justified in making a nominal offer of judgment.

I find Seaside's argument on this point—to say the least—unpersuasive. If the reasonable foundation for Seaside's nominal offer was the fact that the general contractor had been paid, why would Seaside consistently maintain (and still maintain) the general contractor had <u>not</u> been paid? Seaside's argument makes no sense. It is the legal equivalent of dividing by zero.

10

This type of double-talk, like Seaside's nominal offer of judgment at issue, forms a consistent pattern of lack of good faith that the trial judge summarized as the "peculiar alignment of the Defendants." There is no gainsaying the alignment was peculiar. As the trial court found in denying the attorney's fees at issue, Seaside's own attorney consistently "made arguments adverse to Key West Seaside, LLC." Seaside did not present a defense at trial. Seaside appealed a judgment that exonerated it.[1] Seaside argued that the general contractor had <u>not</u> been paid, even though this argument was contrary to the facts and undermined its own defense. Time and again, to its own detriment, Seaside consistently aligned itself with the losing general contractor that the trial court expressly held attempted to defraud the subcontractor.[2] Seaside acted in this manner because its lawyer was the general contractor's lawyer, hired by the general contractor and paid by the general contractor.

---

[1] Seaside joined the appeal in <u>Current Builders</u>, which found the General Contractor liable, even though the judgment found Seaside was not liable. Seaside was named as an appellant in the body of the notice of appeal and in the body of the initial brief. Notice of Appeal, <u>Current Builders of Fla., Inc. v. Certified Lower Keys Plumbing</u>, 105 So. 3d 582 (Fla. 3d DCA 2012) (No. 3D11-2570) ("Defendants Current Builders of Florida, Inc., Travelers Causality Surety Company of American, Key West Seaside, LLC [the Developer], CB Development, Inc. and Michael Taylor, through undersigned counsel, appeal to the Florida Third District Court of Appeal . . . ."); Brief for Appellants at 2, <u>id.</u> ("Current, Seaside [the Developer], Travelers, Taylor, and CB Development are defendants below and the appellants in this case.").

[2] After a two day non-jury trial, the trial court held that the general contractor's transfer of all of its assets to the related corporation "constituted a fraudulent transfer, in an attempt to evade the lawful claim of [the Subcontractor], in violation of Florida law."

The trial court was right that this alignment was "peculiar." Seaside was acting as nothing more than a stalking horse or stooge for the general contractor and the general contractor's lawyer (whose fees for representing Seaside we are being asked to award in this case). Under these circumstances, the trial court properly found that Seaside's nominal offer of judgment was not based on any reasonable foundation, but was made merely a "Catch 22" intended to lay the predicate for a future award of attorney's fees. Based even on the grossly inadequate record before us, Seaside's offer was a textbook example of one lacking good faith. See Eagleman v. Eagleman, 673 So. 2d 946, 948 (Fla. 4th DCA 1996).

I respectfully dissent.