# Third District Court of Appeal

## State of Florida

Opinion filed December 06, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-666
Lower Tribunal Nos. 15-17 & 05-10682
_____

**United Automobile Insurance Company,**
Petitioner,

vs.

**Partners in Health Chiropractic Center, a/a/o
Cecilia Yanique Gerlin,**
Respondent.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Jason Bloch, Charles Johnson, and Stephen Millan, Judges.

Michael J. Neimand, for petitioner.

Law Offices of Marlene S. Reiss, Esq., P.A., and Marlene S. Reiss, for respondent.


Before ROTHENBERG, C.J., and FERNANDEZ and LUCK, JJ.

ROTHENBERG, C.J.

United Automobile Insurance Company ("United Auto") seeks second-tier certiorari review of a circuit court appellate decision affirming the county court's order denying United Auto's motion for entitlement to attorney's fees filed pursuant to section 768.79, Florida Statutes (2013), and Florida Rule of Civil Procedure 1.442, following the plaintiff's, Partners in Health Chiropractic Center ("Partners in Health"), failure to accept United Auto's nominal proposal for settlement. Because there is no showing that the circuit court, sitting in its appellate capacity, failed to afford United Auto procedural due process in the appeal or failed to apply the correct law resulting in a miscarriage of justice, we dismiss the petition. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010).

## FACTS

Cecilia Yanique Gerlin ("Gerlin") was treated by Partners in Health in 2003, and thereafter, she assigned her rights to PIP benefits under her automobile insurance policy issued by United Auto to Partners in Health. Partners in Health submitted bills for Gerlin's treatment to United Auto. After United Auto denied the claim, Partners in Health filed suit against United Auto in the Miami-Dade county court, asserting a claim for breach of contract for failing to pay the PIP benefits due under Gerlin's policy with United Auto. United Auto answered the complaint and denied that the treatment was reasonable, related to the automobile

2

accident Gerlin was involved in on June 19, 2003, or necessary.

While the case was pending, United Auto submitted a nominal proposal for settlement to Partners in Health, which did not accept the offer. The case proceeded to trial in county court, and after the jury found that Partners in Health's services to Gerlin were not related to the June 19, 2003 accident, United Auto filed a motion seeking an order finding that it was entitled to its attorney's fees pursuant to section 768.79 and rule 1.442. Partners in Health opposed United Auto's motion arguing that the proposal for settlement was not made in good faith.

The county court conducted a hearing to determine whether United Auto's nominal proposal for settlement prior to trial was a good faith offer. After conducting the hearing, the county court entered an order denying United Auto's motion for entitlement to attorney's fees based on the following four findings: (1) the extensive and protracted length of the litigation; (2) the prior rulings in favor of Partners in Health (during litigation a final judgment was initially issued in favor of Partners in Health, and Partners in Health was also awarded its fees and costs, but those judgments were reversed on appeal prior to United Auto making its proposal for settlement); (3) United Auto had no reasonable expectation that its offer would be accepted; and (4) the record before the county court at the time of the entitlement hearing failed to show that United Auto had no exposure in the case when it made its proposal for settlement.

United Auto appealed the denial of its motion for entitlement to attorney's fees to the circuit court, sitting in its appellate capacity. The circuit court appellate panel issued a detailed opinion rejecting the first three grounds cited by the county court for denying United Auto's motion for entitlement to attorney's fees, but affirmed the order on appeal nevertheless, based on the circuit court's standard of review (abuse of discretion) and the absence of the trial transcript and certain medical records. Because we conclude that the circuit court appellate panel applied the correct law and nothing in the record indicates that United Auto was not afforded due process, we dismiss the instant petition for lack of jurisdiction.

**ANALYSIS**

First, we note that the circuit court appellate panel correctly reviewed the county court's findings and order under the abuse of discretion standard of review. See State Farm Fla. Ins. Co. v. Laughlin-Alfonso, 118 So. 3d 314, 315 (Fla. 3d DCA 2013) (holding that the abuse of discretion standard of review governs review of the trial court's determination that a proposal for settlement was not made in good faith).

Second, the circuit court appellate panel also applied the correct law when it rejected the first three grounds relied on by the county court. The fact that the litigation may have been protracted, resulting in extensive expenditure of resources, is not a valid basis for finding that a nominal proposal for settlement is a

4

bad-faith offer. The issue is whether the defendant had a reasonable basis on which to make its offer. Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So. 2d 300, 300 (Fla. 3d DCA 1997) (stating that "[t]he obligation of good faith . . . merely insists that the offeror have some reasonable foundation on which to base an offer") (quotation omitted). The fact that Partners in Health may have obtained favorable rulings by the county court earlier in the litigation is also of no import in this case because those rulings were reversed on appeal prior to United Auto's proposal for settlement. Additionally, whether United Auto reasonably expected Partners in Health to accept its offer is irrelevant. The relevant consideration is whether United Auto fully intended to settle the case when it made its offer. Peoples Gas, 689 So. 2d at 300-301 (stating that "the fact that Metrogas and Siegel Gas may have believed that Peoples Gas would reject their nominal offers is not determinative of the issue of good faith") (citing Schmidt v. Fortner, 629 So. 2d 1036, 1040 n.5 (Fla. 4th DCA 1993). In Schmidt, the Fourth District Court of Appeal held:

> A mere belief that the figure offered or demanded will not be accepted, on the other hand, does not necessarily suggest to us either the absence of good faith or the presence of bad faith-at least where the offeror fully intends to conclude a settlement if the offer or demand is accepted as made, and the amount of the offer or demand is not so widely inconsistent with the known facts of the case as to suggest on its face the sole purpose of creating a right to fees if it is not accepted.

Schmidt, 629 So. 2d at 1040 n.5.

5

Third, the circuit court appellate panel also applied the correct law when it relied on the long-standing principle that where factual issues exist as to whether the trial court abused its discretion in reaching its conclusion, and the question on appeal is whether its findings were supported by the record, the appellant must provide the reviewing court with an adequate record on appeal. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). Although this Court might not necessarily agree with the circuit court appellate panel's determination as to whether the record before it was adequate, this Court is not free to reweigh the adequacy of the record or the sufficiency of the evidence on second-tier certiorari review. See Far Niente, LLC v. City of Key West, 209 So. 3d 43, 46 (Fla. 3d DCA 2016) (holding that "review is to become narrower, not broader, as the case moves to higher levels of appellate review"; "[t]he issues presented for review are not to be reinvestigated, tried, and determined upon the merits generally"; and only "grievous errors" are subject to second-tier certiorari review) (citing Custer, 62 So. 3d at 1092) (full citation, internal quotation, and emphasis omitted).

The final reason provided by the county court for rejecting United Auto's motion for entitlement to attorney's fees based on its proposal for settlement was that "the record before the Court at the time of the entitlement hearing failed to show that United Auto had no exposure in the case at the time the Proposal" was

6

made. We conclude that the circuit court appellate panel correctly determined that this finding by the county court was also an incorrect application of the law. United Auto was not required to show that it had **no** exposure in the case at the time the proposal for settlement was made—it was only required to demonstrate that at the time of its offer, it possessed a reasonable basis to conclude that its exposure was nominal. See Isaias v. H.T. Hackney Co., 159 So. 3d 1002, 1004-05 (Fla. 3d DCA 2015); Laughlin-Alfonso, 118 So. 3d at 315 ("To determine whether State Farm's settlement offer was justified, we consider whether the record demonstrates conclusively that, at the time [the offer] was made, [State Farm] . . . had a reasonable basis . . . to conclude that [its] *exposure* was nominal.") (internal citations omitted) (alterations in original); Event Servs. Am., Inc. v. Ragusa, 917 So. 2d 882, 884 (Fla. 3d DCA 2005) (holding that a nominal offer should be stricken unless the offeror had a reasonable basis to conclude that its exposure was nominal).

In applying the correct standard on appellate review, the circuit court appellate panel noted that the determination of good faith regarding the offeror's reasonable assessment of its exposure is a fact-intensive inquiry made on a case by case basis. See Fox v. McCaw Cellular Commc'ns of Fla., Inc., 745 So. 2d 330, 333 (Fla. 4th DCA 1998) ("Whether an offer was made in bad faith involves a matter of discretion reposed in the trial judge to be determined from the facts and

7

circumstances surrounding the offer."). When attempting to determine whether the county court abused its discretion after considering the facts and circumstances, the circuit court appellate panel noted that United Auto was relying on the testimony of Dr. Merrit, who conducted a peer review, and medical records purporting to show that Gerlin's injuries were work related, and thus, not related to the subject automobile accident. However, the circuit court appellate panel noted that Dr. Merrit's peer review report was "ambiguous," thus requiring review of his trial testimony. However, the trial transcript and the medical records allegedly reflecting that Gerlin's injuries were not related to the automobile accident were not included in the record on appeal.

Thus, the circuit court appellate panel concluded that there was an insufficient record upon which it could evaluate the county court's resolution of the factual issues and, in reliance upon Applegate, affirmed the order denying United Auto's motion for entitlement to attorney's fees pursuant to its proposal for settlement. Because the circuit court appellate panel has applied the correct law and the record does not demonstrate that United Auto was not afforded due process, we dismiss the petition for lack of jurisdiction.

Petition dismissed.